Andrew PAPKE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 03–97–00405–CR, 03–97–00406–CR.

Court of Appeals of Texas,
Austin.

July 30, 1998.

Rehearing Overruled Feb. 4, 1999.

---

David B. Fannin, Austin, for appellant.

Ronald Earle, Dist. Atty., James Adkins, Asst. Dist. Atty., Austin, for state.

Before YEAKEL, C.J., and ABOUSSIE and DAVIS,\* JJ.

TOM G. DAVIS, Justice.

Appellant entered pleas of guilty to two indictments charging him with the offense of intoxication manslaughter, Tex. Penal Code Ann. § 49.08 (West 1994), each offense arising out of the same criminal episode. The trial court granted appellant's motion to consolidate the causes into one trial. The trial court advised appellant that the sentences might run consecutively. Appellant elected to have the jury assess the punishment. The punishment assessed by the jury in each case, twenty years' confinement and a fine of $10,000, was ordered by the trial court to run consecutively.

Appellant asserts three points of error, contending the trial court erred because (1) it failed to admonish appellant concerning the consequences of his plea; (2) it erred in failing to instruct the jury about the parole consequences should the jury not make a deadly weapon finding; and (3) the "stacking" order made pursuant to Tex. Penal Code Ann. § 3.03(b)(1) (West Supp.1998) violates appellant's right of equal protection under the equal protection clauses of both the United States Constitution and the Texas Constitution. We will overrule appellant's points of error and affirm the judgments of the trial court.

Evidence favorable to the State's case shows that on June 26, 1996, appellant, along with a friend with whom he had been drink-

---

\* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1988).

ing, drove his Acura Integra automobile north across the center line on Brodie Lane head-on into a Volkswagen vehicle occupied by two teenagers. Both of the occupants of the Volkswagen were pronounced dead at the scene. Sheriff Peyton, forensic toxicologist with DPS, testified that an analysis of blood taken from appellant showed a blood alcohol content of .22 percent, "over twice the amount for someone to be intoxicated."

The constitutionality of Texas Penal Code § 3.03(b), which exempts intoxication manslaughter and certain sex offenses from this section's provision that the punishments for multiple offenses arising out of the same criminal episode and prosecuted together should run concurrently, appears to be a question of first impression. We have found no other court that has had occasion to consider this question. Section 3.03(b) provides that upon conviction of the two exempt offenses, the sentences may run concurrently or consecutively.

■ In his third point of error, appellant contends the exemption of intoxication manslaughter under section 3.03(b) violates his right to equal protection of the law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant notes that other criminal offenses with multiple victims such as murder, sexual assault, kidnapping, arson, robbery were not made subject to consecutive sentences when tried in a single criminal action.

■ Under the Equal Protection Clause, when a classification does not implicate a fundamental right, or place a burden on a suspect class of persons, the proper standard of review is to determine whether there is a rational basis for the different treatment, which is to say, whether the classification bears a rational relationship to a legitimate state interest. *See City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

Appellant does not base his argument on falling within a suspect class nor does he urge the statute implicates a fundamental right. Consequently, the issue he raises is whether the classification bears a rational relationship to a legitimate state interest.

The recent case of *Henderson v. State,* 962 S.W.2d 544 (Tex.Crim.App.1997), considered the constitutionality of the statute which includes the murder of an "individual under six years of age" within the definition of capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(8) (West 1994). The court's treatment of whether the statute rationally served the government's interest in protecting young children and expressing society's moral outrage against the murder of young children is helpful. The court held the statute constitutional, stating:

> We think that the concerns behind protecting children also support demarking a subclass of "young children" within the category of "children" as a whole. Children are deemed to warrant protection because of their inexperience, lack of social and intellectual development, moral innocence, and vulnerability. These characteristics apply with the greatest force to the youngest children. Moreover, the fact that crimes directed toward young children are necessarily targeted at the most innocent and vulnerable members of society makes such crimes among the most morally outrageous. "[E]xpression of society's moral outrage at particularly offensive conduct ... is essential in an ordered society that asks its citizens to rely on legal processes rather than self-help to vindicate their wrongs." .... Children under six are, by any stretch of the imagination, young children who deserve special protection and whose murders would be viewed by society as especially heinous.

*Id.* at 562 (citations omitted).

Society's outrage against persons who commit offenses against multiple victims in a single criminal episode, as well as persons who commit multiple offenses in a single transaction, has resulted in the elevation of penalties. A person may be prosecuted for capital murder if he murders more than one person during the same criminal transaction. Tex. Penal Code § 19.03(a)(7). Murder is elevated to capital murder if "the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson or obstruction or

retaliation." Tex. Penal Code Ann. § 19.03(a)(2). The foregoing is not an inclusive list of offenses in which greater punishment is assessed for multiple offenses or multiple victims in a single transaction; however, it refutes appellant's argument about the statute in question being an isolated instance.

The vulnerability of the victim is a factor that makes crimes morally outrageous and deserving of society's protection. *Henderson*, 962 S.W.2d at 562. The curfew ordinance of the City of Dallas withstood a constitutional challenge in *Qutb v. Strauss*, 11 F.3d 488 (5th Cir.1993). After noting that many legitimate activities were exempt from the ordinance, the court held that the "state has demonstrated that the curfew ordinance furthers a compelling state interest, *i.e.*, protecting juveniles from crime on the streets." *Id.* at 496. Injuring a child, elderly person or disabled person subjects the offender to a greater penalty. *See* Tex. Penal Code Ann. § 22.04 (West 1994).

The two teenage victims in the instant case were vulnerable and defenseless against the intoxicated driver who drove his vehicle across the center lane and snuffed out their lives. We do not have the benefit of any statistics showing the number of alcohol-related traffic accidents resulting in multiple victims. However, we would be sticking our heads in the sand if we did not take judicial notice that the numbers have escalated to the point that it has incurred society's moral outrage. We hold that the statute in question bears a rational relationship to a legitimate state interest in protecting the innocent against intoxicated drivers. Appellant's third point of error is overruled.

■ In his first point of error, appellant contends that his pleas of guilty were not knowingly and voluntarily made because the trial court did not inform him about the consequences of a deadly weapon finding in the judgment. An accused has a right to receive notice if the State intends to pursue a deadly weapon finding. *See Narron v. State*, 835 S.W.2d 642, 643 (Tex.Crim.App.1992). Notice can be sufficiently given by the language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury. *Id.* In the instant cause the indictments alleged that appellant "did then and there use and exhibit a deadly weapon, to wit: a motor vehicle, that in the manner of its use was capable of causing death and serious bodily injury."

■ An affirmative deadly weapon finding does not affect the assessment of punishment. *Williams v. State*, 889 S.W.2d 687, 690 (Tex.App.—Fort Worth 1994, no pet.). Instead, such a finding only affects a defendant's parole eligibility. *Id.* In the instant cause, appellant was admonished as to the range of punishment for the charged offenses pursuant to statute. Tex.Code Crim. Proc. Ann. art. 26.13 (West 1998). Appellant's reliance on *Fuller v. State*, 576 S.W.2d 856, 857 (Tex.Crim.App.1979), is misplaced since the defendant in that cause was not admonished as to the range of punishment attached to the offense. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court's instruction concerning parole and good conduct time was improper because it instructed the jury only about the parole consequences should the jury make a deadly weapon finding, but not if they failed to make such finding. Appellant entered pleas of guilty to indictments that included deadly weapon averments. In addition, appellant entered into a stipulation in open court that the vehicle he was driving was a deadly weapon. Moreover, he voiced no objection to the charge in the trial court. Assuming such omission was error, appellant has not shown that the error was so egregious and created such harm as to deprive him of a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985) (op. on reh'g). Appellant's second point of error is overruled.

The judgments of the trial court are affirmed.