MEMORANDUM OPINION




Nos. 04-01-00552-CR, 04-01-00553-CR


 

Joe Michael PEREZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 379th Judicial District Court, Bexar County


Trial Court Nos. 2000 CR-4854, 2000 CR-4855


Honorable Bert Richardson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: January 29, 2003


AFFIRMED 

 Appellant, Joe Michael Perez, was charged with two counts of intoxication
manslaughter, two counts of manslaughter, two counts of felony driving while intoxicated
(DWI), and two counts of failing to stop and render aid in Cause No. 2000 CR-4854 and
Cause No. 2000 CR-4855. Although one count of felony DWI was subsequently waived,
the rest of the charges were consolidated for trial and the causes were tried before a jury. (1)
 Following the jury's verdict, the trial court set aside both manslaughter convictions and
entered judgment on the remaining counts. Perez was sentenced to 20 years' imprisonment
and a $10,000 fine for each count of intoxication manslaughter, 10 years' imprisonment and
a $10,000 fine for the felony DWI, and 5 years' imprisonment and a $5,000 fine for each
count of failing to stop and render aid. Notice of appeal was given in both cases. Perez now
appeals, citing ten issues.

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the convictions in this memorandum opinion under Tex. R. App. P. 47.1 for
the following reasons: 

 1. In his first issue, Perez claims the trial court erred in Cause No. 2000 CR-4854 by
allowing the State to allege three prior DWI convictions, instead of two prior convictions,
in order to prove felony DWI jurisdiction. This introduction of extraneous evidence, Perez
asserts, is in violation of Tex. R. Evid. 404(b). At trial, however, Perez offered no objection
to the introduction of evidence regarding his three prior DWI convictions. He has, therefore,
failed to preserve this issue for appeal. Tex. R. App. P. 33.1(a). 

 

 2. In his second, third, and fourth issues Perez contends he was subjected to double
jeopardy in three separate and distinct ways. First, Perez claims the State violated the double
jeopardy clause in trial court cause number 2000 CR-4854 by charging him with both
intoxication manslaughter and what he asserts is the lesser included offense of felony DWI.
Under the Blockburger test, however, when the same conduct violates more than one penal
statute and each statute requires proof of a fact that the other does not, it is presumed that the
two are not the same offense for the purpose of double jeopardy. Blockburger v. United
States, 284 U.S. 299, 304 (1932); Quintanilla v. State, 40 S.W.3d 576, 579 (Tex. App.--San
Antonio, 2001, pet. ref'd). Reviewing the statutory elements of the offenses with which
Perez is charged, it is evident that each offense requires proof of a fact the other does not:
felony DWI requires proof of two prior DWI convictions and intoxication manslaughter
requires proof the defendant caused the victim's death. See Tex. Penal Code
Ann.§§49.04(a), 49.09(b)(2) (Vernon Supp. 2003); Tex. Penal Code Ann. 49.08(a)(2)
(Vernon Supp. 2003). Felony DWI, therefore, is not a lesser included offense of intoxication
manslaughter and charging Perez with both offenses did not violate the double jeopardy
clause. 

 Second, Perez claims he was subjected to double jeopardy by being tried for two
counts of intoxication manslaughter, because both deaths caused by the accident resulted
from a single act. Even when a defendant commits only a single criminal act, double
jeopardy is not offended by successive prosecutions when there were two separate victims
of that act. Ex parte Rathmell, 717 S.W.2d 33, 36 (Tex. Crim. App. 1986); Ortiz v. State,
773 S.W.2d 941, 947 (Tex. App.--San Antonio, 1989, pet. ref'd). Because there were two
separate victims in Perez's case, the double jeopardy clause was not violated by charging him
with two counts of intoxication manslaughter. 

 Finally, Perez asserts the double jeopardy clause was violated, because he was tried
for both manslaughter and intoxication manslaughter in each trial court cause. (2) In Ex parte
Ervin, the Court of Criminal Appeals determined that intoxication manslaughter and
manslaughter are the same offense for double jeopardy purposes when the offenses involve
the same victim, as is the situation here. 991 S.W.2d 804, 817 (Tex. Crim. App. 1999).
Although it is true that prosecution for manslaughter and intoxication manslaughter involving
one victim violates the double jeopardy clause, the trial court in Perez's case vacated the
manslaughter convictions, negating any double jeopardy violation. See Ex parte Ervin, 991
S.W.2d at 817. Accordingly, we overrule Perez's second, third, and fourth issues.

 3. In his fifth and sixth issues Perez claims the trial court erred in allowing the jury
to make an affirmative finding that his vehicle was a deadly weapon as required under Tex.
Penal Code §1.07(a)(11)(B) (Vernon Supp. 2003), because: (1) a motor vehicle can not be
used as a deadly weapon, and (2) the State failed to give proper notice of its intent to seek
such an affirmative finding. Even though an automobile is not intrinsically a weapon, a court
may make an affirmative finding that a motor vehicle is a deadly weapon in an intoxication
manslaughter case. Tyra v. State, 897 S.W.2d 797, 798-799 (Tex. Crim. App. 1995). In
addition, any allegation which avers a death was caused by a named instrument necessarily
includes an allegation that the named instrument was "in the manner of its use . . .capable
of causing" death. Ex Parte Beck, 769 S.W.2d 525, 526 (Tex. Crim. App. 1989). The record
in this case indicates the State did give notice of its intent to seek an affirmative finding by
alleging in the indictment that the car was used to cause the death of each victim. We
overrule Perez's fifth and sixth issues.

 4. Perez claims, in his seventh issue, that the trial court erred in allowing the State
to present an incorrect definition of intoxication manslaughter to the jury by omitting the
element of causation. However, Perez did not object to the only two instances cited in the
record where the State mentions intoxication manslaughter without the element of causation,
thereby failing to preserve this issue for appeal. Tex. R. App. P. 33.1(a). In addition, the
State properly defined intoxication manslaughter in the jury charge, thereby negating any
harm that may have been caused by the above-referenced isolated inferences. (3) We overrule
Perez's seventh issue.

 5. In his eighth issue, Perez argues the evidence presented at trial is legally
insufficient to support his conviction for failing to stop and render aid. We review the
sufficiency of the evidence under traditional standards of review. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Young
v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). The standard of review is the same
in both direct and circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999). In addition, the culpable mental state in a failure to stop and render
aid prosecution, which is simply knowledge of the accident, can be established by inference
from circumstantial evidence. Jaynes v. State, 673 S.W.2d 198, 201 (Tex. Crim. App. 1984)
(overruled on other grounds). Perez's brief stipulates that he did, indeed, realize he had been
involved in an accident. Additionally, at trial the State presented the testimony of several
witnesses who observed Perez attempting to leave the scene immediately after the accident.
Perez failed to present any evidence to demonstrate that he attempted to provide aid to
anyone else involved in the accident or that he knew other individuals would do so. The
testimony of the State's witnesses, along with other circumstantial evidence, is legally
sufficient to support Perez's convictions. We overrule his eighth issue.

 6. In his ninth issue, Perez argues that Tex. Penal Code §3.03(b)(1)(A) (Vernon
Supp. 2003) violates the equal protection and due process clauses of the United States
Constitution. Under §3.03(a), punishments for multiple offense arising out of the same
criminal episode and prosecuted together must run concurrently. Section 3.03(b), however,
exempts intoxication manslaughter offenses from this rule, providing that, upon conviction
of the exempt offense, the sentences may run either concurrently or consecutively. Because
this provision of the Texas Penal Code does not burden a suspect class or implicate a
fundamental right, we examine it under a rational basis test for purposes of equal protection
clause analysis. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 440
(1985); Papke v. State, 982 S.W.2d 464, 466 (Tex. App.--Austin 1999, pet. ref'd).
Following the rationale set out in Papke, we find the statute bears a rational relationship to
a legitimate state interest and does not violate the equal protection clause. 982 S.W.2d at
467. The Supreme Court of the United States has suggested the due process clause of the
Fourteenth Amendment would presumably prohibit state courts from depriving a person of
liberty. . . as punishment for criminal conduct except to the extent authorized by state law.
Whalen v. United States, 445 U.S. 684, 689-690 n.4 (1980). Unfortunately for Perez, each
of the sentences imposed here was authorized by state law within the meaning of Whalen.
Under Texas state law, a trial judge has absolute discretion to cumulate sentences for two or
more convictions. Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2003); Smith v.
State, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979); Nicholas v. State, 56 S.W.3d 760, 764
(Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). Section 3.03(b)(1)(A), therefore, does
not violate the due process clause. We overrule Perez's eighth and ninth issues.

 7. In his final issue, Perez contends his attorney was ineffective because he failed to
raise any double jeopardy objections at trial. To prevail on an ineffective assistance of
counsel claim, an appellant must show: (1) counsel's performance fell below an objective
standard of reasonableness, and (2) a reasonable probability exists that, but for trial counsel's
errors, the result would have been different. Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984). Perez fails to meet this burden because, as described above, each of his
jeopardy allegations is without merit. We overrule Perez's final issue.


 Paul W. Green, Justice


Do Not Publish
1. Although Perez was charged in two separate indictments, the two cases were tried together because each
arose from a single incident, a collision between Perez and another vehicle.
2. Specifically, Perez claims the State acted in bad faith by charging him with both manslaughter and
intoxication manslaughter when it should have known this would violate the double jeopardy clause. Even if the State
acted in bad faith, however, no harm resulted because the manslaughter convictions were vacated.
3. Both instances cited by Perez occurred during the jury selection phase of the trial, not during arguments or
in the actual jury charge.