In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00024-CV


______________________________




JIMMIE DON ALLEN, Appellant



V.



JOHN CHARLES HARGUS, Appellee




 


On Appeal from the County Court at Law


Hopkins County, Texas


Trial Court No. CV38078




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jimmy Don Allen, appellant, filed his notice of appeal from the trial court's order of dismissal
February 19, 2009. The clerk's record was filed May 27, 2009. No reporter's record was requested
or filed. Allen's brief was therefore due June 26, 2009. 

 Allen filed a request for an extension of time. In that motion, counsel for plaintiff mentioned
that "[a]n offer to mediate has been made . . . and Appellant respectfully requests this extension as
an opportunity to pursue the mediation." In granting that first motion to extend, this Court specified
that should the parties desire mediation, they should jointly seek an order from this Court before
July 27, 2009. No mediation order was requested; instead, a second request for an extension of time
to file the brief was requested, with the same language as the reason for the extension. The Court
overruled that motion for extension of time. In our order overruling that extension, we informed
counsel that failure to file the brief on or before August 25, 2009, could result in the appeal being
dismissed for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 

 It is now September 15, and no brief has been filed. Pursuant to Rule 42.3(b) and (c) of the
Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution. Tex. R. App.
P. 42.3(b), (c). 



 Jack Carter

 Justice


Date Submitted: September 15, 2009

Date Decided: September 16, 2009



lign: center; margin-left: 0.5in; margin-right: 0.5in">V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0089X

                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            After child pornography was found on the public school computer used by then teacher
Michael Speights, and after Speights told officials they would find more child pornography at his
home, a search warrant authorized a search of his multiple home computers. The investigation
turned up over 9,000 child pornography images and videos. It also uncovered (a) so-called
"grooming materials" designed "to entice a child to engage in sexual activity"; (b) examples of child
pornography he had apparently created depicting himself with a then three-year-old female relative
with whom he had been trusted; and (c) evidence that Speights had provided access to his collection
of child pornography for internet users, had publicized his collection across the internet, and had
accumulated approximately 1,000 "hits" or accesses to that material by internet users. 
            Without first obtaining a plea agreement, Speights pled guilty to two counts of indecency
with a child by sexual contact, one count of indecency with a child by exposure, and ten counts of
promotion or production of child pornography.


 The trial court assessed the maximum sentence on
each of the thirteen counts and provided that the sentences would run consecutively, resulting in a
total sentence of 250 years' imprisonment.


 We affirm the judgment of the trial court because,
contrary to what Speights urges on appeal, (1) Speights' sentence has not been shown to be excessive
and disproportionate, and (2) neither Section 3.03(b)(2) of the Texas Penal Code nor Article 21.24
of the Texas Code of Criminal Procedure is unconstitutional as applied to Speights.
(1)       Speights' Sentence Has Not Been Shown To Be Excessive and Disproportionate
            Speights was sentenced to the maximum punishment allowed by statute. He received twenty
years' imprisonment on each of twelve second-degree felony counts, and ten years on one third-degree felony count. Because the sentences were ordered to run consecutively, Speights has been
sentenced to serve a total of 250 years' imprisonment. See Tex. Pen. Code Ann. § 3.03(b)(2)
(Vernon 2003); §§ 12.33(a), 12.34(a).
            Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). But a prohibition
against grossly disproportionate punishment survives under the Eighth Amendment to the United
States Constitution apart from any consideration of whether the punishment assessed is within the
range established by the Legislature. See Jackson v. State, 989 S.W.2d 842, 846 (Tex.
App.—Texarkana 1999, no pet.); see also Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.—Texarkana 2002, pet. ref'd).
            Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same
jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.—Tyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual
punishment under test outlined in Solem). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet.
ref'd).
            As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court and that the trial court either ruled or refused to rule on that
complaint. Tex. R. App. P. 33.1(a). The complaint must be sufficiently specific to make the trial
court aware of the grounds of the complaint. Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App.
1999).
            At the conclusion of the sentencing hearing, Speights' counsel objected, "Only one thing for
the record, Judge, I would like for the record to object to the stacking because I do not believe that
the court has a legal right to do that at this time." This objection fails to state a specific ground other
than the trial court lacking the "legal right" to order consecutive sentences. It certainly does not
include a constitutional complaint to the severity of the sentences. It therefore lacks the specificity
necessary to alert the trial court of the grounds of the complaint.
            Further, in the context of the entire record, it is clear that counsel is referring to an altogether
different argument made earlier in the hearing. In that argument, Speights' counsel contended 
Article 42.08 of the Texas Code of Criminal Procedure would not allow the sentences to be stacked. 
This is different from the complaint now made on appeal. Therefore, Speights has waived review
of this issue.
            Even if Speights had preserved this issue for our review, and assuming we were to find that
Speights' sentence was grossly disproportionate to his crimes, the record does not contain any
evidence comparing this sentence with others in the same jurisdiction for these offenses, or those
imposed on defendants in other jurisdictions who committed similar offenses. Delacruz v. State, 167
S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.); Alberto v. State, 100 S.W.3d 528, 530
(Tex. App.—Texarkana 2003, no pet.). Therefore, even if preserved, no error has been shown.
            We overrule Speights' first point of error.




 
(2)       Neither Section 3.03(b)(2) of the Texas Penal Code nor Article 21.24 of the Texas Code of
Criminal Procedure Is Unconstitutional As Applied to Speights
            Speights also contends Article 21.24 of the Texas Code of Criminal Procedure and Section
3.03(b)(2) of the Texas Penal Code are unconstitutional as applied to him. We overrule this point
of error.
            Speights was charged with, and convicted on, thirteen different counts, all of which were
contained within the same indictment. Article 21.24 allows multiple counts to be filed in a single
charging instrument. Speights asserts that this violates his constitutional right to be indicted for a
felony offense before he may be prosecuted for that offense. See U.S. Const. amend. V; Tex.
Const. art. I, §10.
            When an attack on the constitutionality of a statute is made, courts begin with the
presumption that the statute is valid. Faulk v. State, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980);
Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). Speights carries the burden to
establish that the statute is unconstitutional. Luquis v. State, 72 S.W.3d 355, 366 (Tex. Crim. App.
2002).
            Speights does not cite any caselaw, other authority, or record evidence that would support
his contention. Further, indictments containing more than one count do not offend fundamental
constitutional protections but, instead, are constitutional. Thomas v. State, 621 S.W.2d 158, 162
(Tex. Crim. App. 1980).
            But Speights also challenges the constitutionality of Section 3.03(b)(2) of the Texas Penal
Code. This section allows the trial court the option of ordering sentences to run concurrently, or
consecutively, for particular crimes. Speights contends that, because the State did not give him the
option of making an open plea to some counts, and not others, the alleged unconstitutionality of
Article 21.24 of the Texas Code of Criminal Procedure was compounded.
            Speights again fails to provide us with any caselaw, other authority, or record evidence on
which to base a decision to invalidate Section 3.03(b)(2) as applied. His entire written argument on
this issue consists of three sentences. Additionally, one of our sister courts has explicitly upheld the
constitutionality of an identical provision within the same statute. See Papke v. State, 982 S.W.2d
464, 466 (Tex. App.—Austin 1998, pet. ref'd) (referencing Section 3.03(b)(1)).
            Speights has not provided us with anything to suggest either statute is unconstitutional. 
Therefore, we deny Speights' second point of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 29, 2005
Date Decided:             October 27, 2005

Do Not Publish