COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ANDRES ALVARADO, | § | |
| | | No. 08-15-00352-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 394th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Jeff Davis County, Texas |
| | § | |
| Appellee. | | (TC# CR 1400813) |
| | § | |

## O P I N I O N

A jury convicted Appellant Andres Alvarado of continuous sexual abuse of a young child, alleged to have been committed between July 1, 2010 and May 28, 2014, a period of 30 days or more in duration.[1]  Specifically, the named alleged offenses were Aggravated Sexual Assault and Indecency with a Child.  The jury assessed his punishment at life imprisonment.  The trial court sentenced him accordingly.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant brings two points on appeal, each contending he received ineffective assistance of counsel at trial.  Because the record does not support a determination that trial counsel failed to provide effective legal assistance to Appellant, we affirm the trial court's judgment.

---

[1] *See* TEX.PEN.CODE ANN. § 21.02.

1

*Brief Summary of Facts*

Because Appellant does not challenge the sufficiency of the evidence to support Appellant'

conviction, we address the facts only as necessary to address his points on appeal.  During the

period of time in question, Appellant was married to Lara.  Lara and Appellant lived in a small

house with Lara's two daughters.  A female relative who was under the age of fourteen testified

that Appellant had sexual contact with her.  The complainant and outcry witnesses testified

Appellant had touched the complainant's genitals with his hand, and that once he had placed his

penis on her face, and once had penetrated her vagina with his penis.

The enhancement paragraph alleged,

> And it is further presented in and to said Court that, prior to the commission of the
> aforesaid offense (hereafter styled the primary offense), on or about August 1, 2002,
> in cause number 697 in the 394th Judicial District Court of Jeff Davis County,
> Texas, the defendant was adjudicated of committing the offense of sexual assault.

## First Point: Extraneous Offense

In his first point, Appellant states that

> Appellant was denied his Sixth Amendment Right to Effective Assistance
> of Counsel on the ground that defense counsel failed to subject the prosecution's
> case to meaningful adversarial testing so that there was a constructive denial of the
> assistance of counsel.

Appellant argues, however, that the State failed to present adequate proof of the requisite

elements of the offense alleged because the State failed to prove Appellant caused the

> [S]exual organ of the child to contact the sexual organ of the defendant; that the
> Appellant engaged in sexual contact with the child by touching the genitals of the
> child with intent to arouse or gratify the sexual desire of any person; and that the
> Appellant engaged in sexual contact with the child by touching the face of the child
> with the defendant's genitals with intent to arouse or gratify the sexual desire of
> any person.

The child testified Appellant assaulted her from behind and that she kept her eyes closed and her face was in a pillow so she never saw or even wanted to know what Appellant was doing to her. Appellant argues the child's testimony is insufficient to sustain the State's burden of proof.

Appellant then argues that because the State had failed to prove the necessary elements of the offenses, the State "resorted to the use of the extraneous offenses that form the basis of this point of error." Appellant concedes the State's allegation of the extraneous offense in the enhancement paragraph of the indictment was satisfactory notice of the State's intent to offer evidence of the extraneous act of misconduct.[2] But, Appellant argues, the State never attempted to offer evidence of that specific offense.

Appellant concedes,

> In both the prior and the current version of Art. 38.37, Tex. Code Crim. Proc., the statute provides that, notwithstanding Rules of Evidence 404 and 405, for certain offenses, including aggravated sexual assault of a child, 'evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.'[3]

Rather, without objection, the State offered during the guilt phase of the trial evidence of an extraneous offense not mentioned in the indictment. Appellant explains his argument,

> The deficient performance occurred when Appellant's trial counsel failed to properly object to the untimely notice and offer by the State of extraneous offense evidence not listed on the indictment. The failure of Appellant's trial counsel to object on the untimely notice by the State was as [sic] serious error resulting in harm to the Appellant [sic]. Specifically, it allowed the State to present extraneous offense evidence at the guilt phase and to obtain a conviction in spite of the weak testimony of the child. The presentation of extraneous offenses without the proper objections undermined the result of the trial.

---

[2] *See Papke v. State*, 982 S.W.2d 464, 467 (Tex. App.--Austin 1998, pet. ref'd, untimely filed).

[3] TEX.CODE CRIM.PROC.ANN. art. 38.37, § 1(a)(1)(B), (b).

As we understand Appellant's complaint, the State provided adequate notice of the offenses alleged in the indictment, including the enhancement allegation, but so inadequately proved the alleged offenses that the State offered evidence of yet another extraneous act of misconduct of which there had been no notice, and counsel provided reversibly ineffective assistance for failure to object to lack of notice of the additional extraneous act.

Specifically, the State offered evidence that Appellant had disciplined the complainant by spanking her with a horse's bridle. Additionally, Appellant argued in the same complaint that the State also offered evidence that Appellant had been required to register as a sex offender because of his juvenile adjudication. Appellant's complaint on appeal was not that trial counsel made no objection. Rather, his complaint is that counsel failed to lodge a notice objection in addition to the 401 and 403 objections he pursued.

The rule is well established that to establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense.[4] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[5]

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[6] In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674(1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex.Crim.App. 2013).

[5] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

[6] *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex.Crim.App. 2012); *Thompson*, 9 S.W.3d at 813-14.

the particular circumstances of each case.[7]  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[8]  Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[9]

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record.[10]  Trial counsel "should ordinarily be afforded an opportunity to explain her actions before being denounced as ineffective."[11]  If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[12]

Appellant then explains, with no basis in the record,

> Appellant was harmed because he was unprepared to defend against the use of the evidence to establish his character during the guilt or innocence portion of the trial because the notice that the State provided regarding extraneous offenses was not provided 30 days before trial as mandated by Art. 38.37 § 3, Tex.Code Crim. Proc.

> To compound the harm, Appellant's trial counsel's failed to subject the prosecution's case to meaningful adversarial testing when, without objection, trial counsel allowed the State to present extraneous evidence of the Appellant's prior adjudication, prior conviction, and an allegation that he struck the alleged victim with a bridle, without 30 days notice.

---

[7] *Thompson*, 9 S.W.3d at 813.

[8] *See Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307.

[9] *Nava*, 415 S.W.3d at 307–08.

[10] *Menefield*, 363 S.W.3d at 592-93; *Mata v. State*, 226 S.W.3d 425, 432 (Tex.Crim.App. 2007).

[11] *Menefield*, 363 S.W.3d at 593.

[12] *Nava*, 415 S.W.3d at 308.

5

Nothing in the record supports these conclusory statements of Appellant, nor was trial counsel given the opportunity to explain whether she was surprised by any of the complained-of testimony or what trial counsel's trial strategy might have been. Appellant has failed to satisfy his burden of showing whether or to what degree he was harmed by any action, lack of action, or choice of action by trial counsel. Applying the appropriate standard of review, we decline to infer ineffective assistance of counsel based on the record before this Court. We decline to conclude that trial counsel rendered ineffective assistance of counsel because appellate counsel might have chosen to word the objections differently, and we decline to speculate harmful surprise that is not supported by the record. We overrule Appellant's first point on appeal, as we understand it.

**<u>Second Point: Improper Bolstering of Complainant</u>**

In his second point on appeal, Appellant argues trial counsel denied him his Sixth Amendment Right to Effective Assistance of Counsel by failing to object to the improper bolstering of the child complainant's testimony, and thereby failing to subject the prosecution's case to meaningful adversarial testing so that there was a constructive denial of the assistance of counsel.

When the prosecutor asked the complainant's mother why she had not believed the child when she had complained to her of Appellant's touching her "private area" in the summer of 2012, the mother admitted she had not believed her.

The following exchange occurred,

Prosecutor: Had your little girl made up stuff before?

Mother: No.

Prosecutor: Ever?

Mother: No.

Further, Appellant complains about counsel's failure to object to the following exchange

between the prosecutor and Angela Harral, the Sexual Assault Nurse Examiner (SANE):

Q. I am just asking you that at that time based on your observation of her and your communication with her during this gathering of information and doing the examination, was there any indication to you that she was not being truthful? Did she have an expression on her face like I am kind of leery, you know, concerned about talking about that? Was there anything about what she did or said that day that would lead you to believe that she was not being truthful to you at that time?

A. I think she at that time believed what she was saying.

The Texas Court of Criminal Appeals addressed the issue of "bolstering" in *Rivas v.*

*State.*[13]

> The law of 'bolstering' existed before this state's Rules of Evidence were adopted. At one time, this term of art conveyed an objection that was uniformly recognized by the courts. As the law evolved, however, most of our evidentiary terms became codified, first in the Texas Rules of Criminal Evidence in 1985, and finally in the unified Texas Rules of Evidence, promulgated in 1998. While the term 'bolstering' is slowly dying as an objection on its face, it has not yet expired, despite the fact that the term itself failed to survive the adoption of the Rules. Its continued lifeline is evidenced by the application of 'bolstering' objections at trials in many districts in Texas.

> A fundamental problem with an objection to 'bolstering' is its inherent ambiguity. 'Bolstering' appears to have roots in several evidentiary rules. This court discussed 'bolstering' in *Cohn v. State*, acknowledging the term as an objection that contained the substance of Rules 608(a) and Rule 612(c). Cohn defined 'bolstering' as 'any evidence the sole purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing "to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."' Thus, Rule 608(a), which allows opinion or reputation evidence as to the character of a party's own witness for truthfulness, but only after the witness's character for truthfulness has already been attacked by the opposing party, appears to be encompassed by the generic 'bolstering' objection.

> Additionally, Rule 613(c), seems to be covered under the 'bolstering' objection 'to the extent it prevents the use of prior consistent statements of a witness for the sole purpose of enhancing his credibility.' Rule 613(c) makes inadmissible

---

[13] *Rivas v. State*, 275 S.W.3d 880, 886-87 (Tex.Crim.App. 2009).

any prior consistent statement of a witness which is consistent with the testimony, except as provided by Rule 801(e)(1)(B). This rule excludes prior consistent statements as substantive evidence, thus reiterating the principles of hearsay.

Because of the multifarious origins of 'bolstering,' courts have found concern with it as an objection on its face. Many appellate courts have cited the *Cohn* concurrence as authority to abandon 'bolstering' as a valid objection to preserve error for review. 'A party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded.' The Court of Appeals relied on this principle in the instant case when it held that 'a general objection to "bolstering" is not sufficient to preserve error, because it does not sufficiently inform the trial court of the nature of the objection.'[14] [Internal citations omitted].

In the case *sub judice*, the bolstering complaint was first raised on direct appeal. We have no way to know which specific, rather than general, objection Appellant argues trial counsel should have lodged for each of the bolstering complaints. We have no way of knowing trial counsel's trial strategy in making no objection at the time appellate counsel claims she should have lodged this general objection. Nor do we have any way of knowing the specific objection appellate counsel contends trial counsel should have lodged to explain her general bolstering objection. We will not speculate about either trial counsel's reasoning or trial strategy in deciding whether to lodge objections at the time appellate counsel argues she should have objected, nor will we speculate about the specific objections appellate counsel claims trial counsel should have lodged to explain her general objections.

The record before this Court is simply inadequate to support Appellant's complaints on appeal. Based on this record we cannot conclude trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it."[15] Nor can we divine from the record before us the specific objections that were the bases of the general bolstering objections appellate counsel

---

[14] *Rivas*, 275 S.W.3d at 886–887.

[15] *Nava*, 415 S.W.3d at 308.

contends Appellant's trial counsel should have offered.[16] Nor can we divine from either the briefs or from the record the specific objections that should have supported the general bolstering objections appellate counsel argues trial counsel should have made.[17] Additionally, nothing in the record explains to this Court trial counsel's strategy or reasoning in trial of this case because these complaints were raised for the first time on direct appeal, providing no opportunity for trial counsel to explain her reasoning or trial strategy. We overrule Appellant's second point on appeal.

Having overruled both of Appellant's points on appeal, as we understand them, we affirm the trial court's judgment.

December 19, 2018

LEE ANN DAUPHINOT, Judge

Before McClure, C.J., Rodriguez, and Dauphinot, Judge
Dauphinot, Judge (Sitting by Assignment)

(Do Not Publish)

---

[16] *Rivas*, 275 S.W.3d at 886–887.

[17] *Id.*