

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00381-CR
_____

STEVEN BENITEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court No. 1464932D, Honorable David Scott Wisch, Presiding

January 29, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Steven Benitez, appellant, pleaded guilty to aggravated robbery with a deadly weapon[2], namely a firearm, enhanced by a previous felony conviction.[3]  Appellant raises two issues in this appeal.  We affirm.

_____

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

[3] *See id.* § 12.42(c) (West Supp. 2018).

Background

Through an open plea, appellant entered a plea of guilty to aggravated robbery with a deadly weapon. During the hearing on his plea, the trial court admonished appellant that, if found guilty of the offense, he faced between five and 99 years or life in the penitentiary and a fine up to $10,000. Appellant acknowledged that he understood. The trial court then advised appellant that the State also alleged that he had a prior felony conviction and that, if it were proven true, he would face between 15 and 99 years or life in the penitentiary. Appellant again acknowledged that he understood.

Appellant signed written plea admonishments that correctly identified the offense as a first-degree felony, enhanced, with a potential range of punishment for "[L]ife or any term of not more than 99 years or less than 15 years" and a fine not to exceed $10,000. The written admonishments further advised appellant: "Neither the Court or your attorney make any promises or representations about the amount of actual time you will serve on a sentence of incarceration in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice." The trial court accepted appellant's guilty plea and ordered the preparation of a presentence investigation report.

At the sentencing hearing a few months later, the trial court again asked appellant if he understood the range of punishment for the charged offense, which appellant confirmed. The trial court then inquired, "And you understand that because it's a 3G offense, aggravated as we use that term here, a firearm was used, any sentence imposed as a result of a direct sentence or revocation under probation, you would have to do one [-]half of any sentence served no matter how good or bad your behavior, because that's

2

the law." Appellant responded, "Yes, sir." At the conclusion of the hearing, the trial court sentenced appellant to twenty years' imprisonment in the state penitentiary.

Issue 1: No Admonishment Regarding Parole Eligibility

In his first issue, appellant contends that the trial court failed to comply with article 26.13 of the Texas Code of Criminal Procedure because it failed to inform him of the effect of his guilty plea on his parole eligibility, and his plea was therefore rendered involuntary. Appellant acknowledges that the trial court correctly informed him that he was charged with aggravated robbery, but claims that the admonishments were incomplete because they did not advise him that if he was found guilty, he would be required to serve one-half of the sentence imposed before he would become eligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145(d) (West Supp. 2018); TEX. CODE CRIM. PROC. ANN. art. 42A.054(a)(10) (West 2018). Appellant notes that the specific information about serving at least one-half of the sentence was not conveyed to him until the sentencing hearing.

Article 26.13 requires the trial court, prior to accepting a plea of guilty or a plea of nolo contendere, to admonish the defendant of "the range of punishment attached to the offense," among other things. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2018). Admonishments required by article 26.13 are "intended to facilitate the entry of adequately informed pleas of guilty or nolo contendere. . . ." *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013).

Article 26.13 does not include a requirement that a trial court admonish a defendant regarding the effect of his plea on his parole eligibility, and appellant has not

3

directed this Court to any such requirement. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. It is well-settled that "[a] trial court is not required to admonish a defendant about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004) (en banc). Parole eligibility is a collateral consequence of a defendant's guilty plea. *Ex parte Young*, 644 S.W.2d 3, 4-5 (Tex. Crim. App. 1983) (orig. proceeding), *overruled on other grounds by Ex parte Evans*, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985); *Bell v. State*, 256 S.W.3d 465, 469 (Tex. App.—Waco 2008, no pet.); *Miller v. State*, No. 06-03-00179-CR, 2004 Tex. App. LEXIS 1915, at *1-2 (Tex. App.—Texarkana Feb. 27, 2004, pet. ref'd) (mem. op.). Because parole eligibility is a collateral consequence of appellant's plea, the trial court was not required to admonish him in that regard. *See Bell*, 256 S.W.3d at 469; *Papke v. State*, 982 S.W.2d 464, 467 (Tex. App.—Austin 1998, pet. ref'd, untimely filed) (affirmative deadly weapon finding affects only the defendant's parole eligibility, not the assessment of punishment). Here, appellant was appropriately admonished as to the range of punishment for the charged offense pursuant to statute.

Moreover, the finding that appellant was properly admonished creates a prima facie showing that his guilty plea was knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). While a defendant may still raise the claim that his plea was not voluntary, the burden shifts to him to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Id.* The record in this case reflects that appellant affirmed that he understood the consequences of the deadly weapon finding. Additionally, he made no effort to withdraw

4

his plea, even after he was specifically informed that he would be required to serve one-half of his sentence before he could be eligible for parole. We find that appellant failed to meet his burden to demonstrate that his plea was not voluntary.

Therefore, we overrule appellant's first issue.

Issue 2: Due Process Challenge

In his second issue, appellant argues that because he was not informed of the consequences of his guilty plea, he was denied due process of law, and his plea was therefore rendered involuntary. Appellant relies on *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), for the proposition that his plea should be considered constitutionally invalid in the absence of evidence that he voluntarily and understandingly entered his plea. Appellant does not claim that he was not admonished (like the defendant in *Boykin*), but rather that the admonishment regarding punishment was insufficient, since it did not address parole eligibility.

*Boykin* creates a rebuttable presumption that a plea is not knowing or voluntary where the record is "devoid of any indication that the defendant possessed 'a full understanding of what the plea connotes and of its consequences.'" *Friemel v. State*, 465 S.W.3d 770, 776 (Tex. App.—Texarkana 2015, pet. ref'd) (*quoting Davison*, 405 S.W.3d at 680). However, *Boykin* "did not hold that due process requires the equivalent of Article 26.13(a) admonishments or an admonishment on the range of punishment." *Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (holding that trial court's failure to admonish guilty-pleading defendant on the range of punishment, standing alone, does not render a guilty plea invalid under *Boykin*); *see also Davison*, 405

5

S.W.3d at 692 (stating, "[w]e have found no Supreme Court case . . . holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid."). Furthermore, appellant directs us to no authority for his contention that the record must establish that he understood the consequences of a deadly-weapon finding.

In *Friemel*, our sister court held that:

Since neither the United States Supreme Court nor the Court of Criminal Appeals has held that a defendant must be admonished regarding the range of punishment in order to satisfy due process, we see no basis for holding that due process requires the defendant to be admonished regarding the additional consequences of a deadly-weapon finding on his eligibility for . . . release on parole.

*Friemel*, 465 S.W.3d at 777; *see also Wiggins v. State*, 499 S.W.3d 149, 152 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (adopting the reasoning in *Friemel*).

We agree with this reasoning. We conclude that due process did not require the trial court to admonish appellant on the consequences that his plea would have on his parole eligibility, and, consequently, the trial court did not err in failing to do so. We overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.