PD-0844-15

PD-0844-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/9/2015 11:55:55 AM
Accepted 7/9/2015 4:58:47 PM
ABEL ACOSTA
CLERK

PD-_____

## TO THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

VINCENT MONROW FRIEMEL                    APPELLANT

V.

THE STATE OF TEXAS                        APPELLEE

Appeal from Rusk County
4TH District Court No. CR-14-192

* * * * * * * *

Sixth Court of Appeals
Texarkana, Texas
No. 06-14-00185-CR
2015 Tex.App. LEXIS 779

* * * * * * * *

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

* * * * * * * *

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

ABEL ACOSTA, CLERK

EBB B. MOBLEY
State Bar # 14238000
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: 903-757-3331
Facsimile: 903-753-8289
ebbmob@aol.com

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IDENTITY OF THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . .4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . .5

QUESTIONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

APPENDIX: Sixth Court of Appeals No. 06-14-00185-CR, slip. op. June 19, 2015

# IDENTITY OF THE PARTIES

APPELLANT:    **Vincent Monrow Friemel**
Inmate #1972868
Hutchins Unit TDCJ-ID
1500 East Langdon Road
Dallas, Texas 75241


APPELLEE:    **The State of Texas**

TRIAL JUDGE:    **Honorable Clay Gossett**
4th Judicial District Court
Rusk County Courthouse
115 North Main, Suite 303
Henderson, Texas 75652

TRIAL COUNSEL FOR APPELLANT:
**Daryll Bennett**
Attorney at Law
P.O. Box 2645
Longview, Texas 75606

APPELLATE COUNSEL FOR APPELLANT:
**Ebb B. Mobley**
Attorney at Law
P.O. Box 2309
Longview, Texas 75606

TRIAL COUNSEL FOR THE STATE:
**Zack Wavrusa**
Rusk County Assistant District Attorney
115 North Main, Suite 302
Henderson, Texas 75652

APPELLATE COUNSEL FOR THE STATE:
**Michael E. Jimerson**
Rusk County District Attorney
115 North Main Street, Suite 302
Henderson, Texas 75652

**Lisa McMinn**
State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

# INDEX OF AUTHORITES

**Cases**

*Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L Ed. 2d 274 (1969) . . . . . . . .5,7

*Mitschke v. State,* 129 S.W.3d 130 (Tex.Crim. 2004) . . . . . . . . . . . . . . . . . . . . . . . . .7

*State v. Kersh,* 127 S.W.2d 775 (Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

Code of Criminal Procedure Art. 26.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

Code of Criminal Procedure Art. 26.13(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Code of Criminal Procedure Art. 26.13(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Penal Code §1.07(17) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Other**

George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice &*
    *Procedure* §40.22 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

VINCENT MONROW FRIEMEL                    APPELLANT

V.

THE STATE OF TEXAS                        APPELLEE

\* \* \* \* \*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant respectfully urges this Court to grant discretionary review.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not request oral argument.

**STATEMENT OF THE CASE**

This is an appeal from a conviction for evading arrest with a motor vehicle. Vincent Monrow Friemel pled guilty at a bench trial without a plea bargain. He was sentenced to nine years confinement, and an affirmative finding was made that a deadly weapon (a motor vehicle) was used during his commission of the offense.

Friemel initially complained that the deadly weapon finding eliminated his eligibility for judge-ordered community supervision and extended his eligibility for parole until he has actually served one-half of the confinement portion of his sentence.

In this court Friemel appeals only the lack of a parole eligibility admonition.

## STATEMENT OF PROCEDURAL HISTORY

The Sixth Court of Appeals issued its published opinion on June 9, 2015. No motion for a hearing was filed.

## QUESTIONS FOR REVIEW

Did the Court of Appeals err in holding that there is no requirement under Code of Criminal Procedure Art. 26.13 to admonish a defendant on the consequences of a deadly weapon finding on his future parole eligibility?

Did the court of appeals misapply *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23L Ed. 2d 274 (1969) in this case?

## ARGUMENT

### STATUTES AT ISSUE

Texas Code of Criminal Procedure Article 26.13(a)(1) provides that prior to accepting a plea of guilty or a plea of nolo contendre, the trial court shall admonish the defendant of the range of punishment attached to the offense.

Article 26.13(c) provides that in admonishing the defendant substantial compliance by the trial court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was mislead or harmed by the admonishment of the court.

### OPINION BELOW

The court of appeals found that the trial court substantially complied with Code of Criminal Procedure Article 26.13(a)(1) in its oral and written admonishments to the defendant during his plea before the court. The opinion found that "substantial compliance" shifted the burden to the defendant to show that he was harmed or misled by the trial court's admonishments. op. pp. 8-9.

But the opinion errs in finding substantial compliance with statutory as well as constitutional requirements.

Specifically the court held at page 6 of its opinion:

> Yet, a deadly-weapon finding does not affect the length of the defendant's sentence, only how much of that sentence he will actually serve before he can apply for parole. Consequently, a deadly-weapon admonition is not necessary under Article 26.13 to protect a defendant from being "induced to plead guilty by and understatement of the seriousness of the offense" and "being punished more severely than the trial court held out as the maximum he or she could receive." *Id.* (quoting 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice & Procedure* §40.22 (2011).

Further at opinion p. 12:

> Since neither the United States Supreme Court

6

nor the Court of Criminal Appeals has held that a defendant must be admonished regarding the range of punishment in order to satisfy due process, we see no basis for holding that due process requires the defendant to be admonished regarding the additional consequences of a deadly-weapon finding on his eligibility for community supervision and release on parole. Therefore, the *Boykin* presumption does not apply to Friemel's plea.

## ANALYSIS

The term "deadly weapon" is defined in Penal Code §1.07(17): a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. But "deadly weapon" findings are not part of a sentence. See *State v. Kersh,* 127 S.W.2d 775 (Tex.Crim.App. 2004).

But the effect of a deadly weapon finding on parole eligibility is a definite, practical, immediate and automatic consequence - a direct punitive consequence specifically provided by law. *Mitschke v. State,* 129 S.W.3d 130 (Tex.Crim. 2004).

Completion or discharge of a sentence including confinement is foremost in the mind of every defendant at his sentencing. Any factor that actually delays his eligibility for release from confinement should be part of a plain language explanation and admonishment by a trial judge. Art. 26.13 requires certain specific admonishments as to immigration and sex offender registration warnings.

Omission of any warning about delayed parole eligibility simply does not meet the requirements of *Boykin v. Alabama,* 395 U.S. 238 (1969).

The failure to admonish appellant about the consequences of a deadly weapon finding on his required confinement prior to parole eligibility violates due process and renders his plea involuntary.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Appellant prays that the Court of Criminal Appeals grant this Petition for Discretionary Review, that the case be set for submission after full briefing, and that after submission, this Court reverse the decision of the Court of Appeals and remand the case for a new trial.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone 903-757-3331
Facsimile 903-753-8289
ebbmob@aol.com

 /s/ EBB B. MOBLEY
EBB B. MOBLEY
Attorney for Appellant
State Bar License # 14238000

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1072 words according to the computer program used to prepare the document.

/s/ EBB B. MOBLEY
EBB B. MOBLEY

## CERTIFICATE OF SERVICE

I certify that on the 9th day of July, 2015, the Appellant's Petition for Discretionary Review was served via efile to:

Michael E. Jimerson
Rusk County District Attorney
115 North Main Street, Suite 302
Henderson, Texas 75652
michael.jimerson@co.rusk.tx.us

Lisa McMinn
State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711
information@spa.texas.gov

/s/ EBB B. MOBLEY
EBB B. MOBLEY,
Counsel for Appellant

APPENDIX

NO. 06-14-00185-CR

VINCENT MONROW FRIEMEL

V.

THE STATE OF TEXAS

PUBLISHED OPINION JUNE 9, 2015

2015 Tex.App. LEXIS 5779

| Lexis Advance® Research | ∨ | ⊙ | | Q | | More ▾ |
|---|---|---|---|---|---|---|

## Document: Friemel v. State, 2015 Tex. App. LEXIS 5779   Actions ▾

Results list ◀ Previous document ┊ Next document ▶

# Friemel v. State, 2015 Tex. App. LEXIS 5779

[ Copy Citation ]

Court of Appeals of Texas, Sixth District, Texarkana

April 7, 2015, Submitted; June 9, 2015, Decided

### No. 06-14-00185-CR

**Reporter**

**2015 Tex. App. LEXIS 5779**

VINCENT MONROW FRIEMEL, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PUBLISH.

**Prior History:** **[1]** On Appeal from the 4th District Court, Rusk County, Texas. Trial Court No. CR14-192.

## Core Terms

trial court, admonish, guilty plea, admonitions, community supervision, consequences, deadly-weapon, sentence, due process, eligibility, parole, confinement, argues, attorney's fees, involuntary, requires, arrest, harmed, motor vehicle, misled

---

### Case Summary

#### Overview

HOLDINGS: [1]-Tex. Code Crim. Proc. Ann. art. 26.13 did not require the trial court to admonish defendant regarding the effects of any plea on eligibility for community supervision or for release on parole; [2]-Since a deadly weapon finding does not affect the length of a defendant's sentence, only how much a defendant will actually serve before he is able to apply for parole, a delay weapon admonition was not necessary under Article 26.13 to protect defendant from being induced to plead guilty by an understatement of the seriousness of the offense and being punished more severely than held out as the maximum; [3]-Due process did not require the trial court to admonish defendant on the consequences of a deadly weapon finding; [4]-Contrary to defendant's claim, the trial court did no assess attorney fees against defendant.

#### Outcome

Judgment affirmed.

---

### ▼ LexisNexis® Headnotes

---

Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Allocution & Colloquy ▼

***HN1*** Tex. Code Crim. Proc. Ann. art. 26.13 states that before accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of the range of the punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). *Shepardize - Narrow by this Headnote*

Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Allocution & Colloquy ▼

***HN2*** When a defendant is admonished on the original, unenhanced, lesser punishment range and then receives a sentence under the enhanced punishment range, the risk is that the defendant was induced to plead guilty by an understatement of the seriousness of the offense and having done so, was harmed by being punished more severely than the trial court held out as the maximum he or she could receive. *Shepardize - Narrow by this Headnote*

Criminal Law & Procedure > Sentencing ▼ > Sentencing Alternatives ▼ > Community Confinement ▼
Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > General Overview ▼

***HN3*** Where it is not an agreed sentencing recommendation as part of a plea bargain, a defendant has no right to community supervision. *Shepardize - Narrow by this Headnote*

Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Allocution & Colloquy ▼

***HN4*** Substantial compliance with Tex. Code Crim. Proc. Ann. art. 26.13 by the trial court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. Tex. Code Crim. Proc. Ann. art. 26.13(c) (Supp. 2014). *Shepardize - Narrow by this Headnote*

Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Knowing & Intelligent Requirement ▼
Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Voluntariness ▼
Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Allocution & Colloquy ▼
Evidence > Burdens of Proof ▼ > Burden Shifting ▼

***HN5*** The finding that a defendant was properly admonished creates a prima facie showing that the defendant's guilty plea was knowing and voluntary. Although the defendant may still pursue a claim that his plea was involuntary, the burden shifts to the defendant to show that he did not fully understand the consequences of his plea and that he was misled or harmed by the admonition. *Shepardize - Narrow by this Headnote*

Evidence > ... > Presumptions ▼ > Particular Presumptions ▼ > Sanity ▼
Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Knowing & Intelligent Requirement ▼
Criminal Law & Procedure > ... > Entry of Pleas ▼ > Guilty Pleas ▼ > Voluntariness ▼

***HN6*** Tex. Code Crim. Proc. Ann. art. 26.13 establishes a rebuttable presumption that the defendant entered a knowing and voluntary plea when the record clearly reveals that the trial court properly admonished the defendant as to the consequences of his plea. *Shepardize - Narrow by this Headnote*

**Judges:** Before Morriss ▼, C.J., Moseley ▼ and Burgess ▼, JJ. Opinion by Justice Burgess ▼.

**Opinion by:** Ralph K. Burgess ▼

## Opinion

Vincent Monrow Friemel pled guilty to evading arrest using a motor vehicle, a third degree felony, and pled "true" to the allegation that in committing the offense, he used or exhibited a deadly weapon, namely, a motor vehicle. The trial court accepted Friemel's guilty plea and his jury waiver and, after a punishment hearing, sentenced Friemel to nine years' confinement in the Texas Department of Criminal Justice Correctional Institutions Division. In this appeal, Friemel asserts that the trial court erred in not admonishing him regarding the consequences of a deadly-weapon finding, [1] thereby rendering his plea involuntary. We find no error in the trial court's admonitions and affirm the judgment of the trial court.

## I. Background

The charges against Friemel arose from his attempt to avoid arrest on March 25, 2014. On that day, Texas Department of Public Safety Trooper Ricardo Fabbiani was travelling north on Loop 571 in Rusk County. He observed the vehicle driven by Friemel approaching him with its right turn signal activated. When Friemel turned left onto County Road 203, Fabbiani followed him and activated his overhead lights and siren. Friemel fled, accelerating to speeds of eighty miles per hour on the two-lane county road. As Fabbiani pursued him, Friemel tossed a loaded shotgun out of his vehicle which, after bouncing on the pavement, hit and shattered Fabbiani's windshield. Shortly thereafter, Fabbiani slid off the road and hit a mailbox and fence because of his limited visibility, and Friemel escaped. After losing Fabbiani, Friemel pulled into a parking lot where he and his passenger fabricated a story and hid the contraband in their possession. They then drove to another parking lot and called the police. After Fabbiani arrived, Friemel was arrested **[3]** and charged with multiple offenses.

On September 15, 2014, Friemel executed a document waiving his right to be tried by a jury, waiving his right to confront and examine witnesses, and entering his plea of guilty to the crime of evading arrest with a motor vehicle. He also acknowledged receiving the admonitions required by Article 26.13(a) of the Texas Code of Criminal Procedure from the trial court. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2014). The written admonitions identified the range of punishment for the charged offense as confinement "for any term of not more than 10 years nor less than 2 years" and indicated that "a fine may be imposed not to exceed $10,000." Immediately below the range of punishment, the admonitions contained a paragraph advising that "[i]f community supervision is granted, the Court shall determine the terms and conditions of community supervision . . . ."

The trial court also orally inquired whether Friemel understood that the range of punishment was confinement for "not more than ten years or less than two years and a fine not to exceed $10,000." Friemel affirmed his understanding of the applicable range of punishment. The trial court never mentioned community supervision, but confirmed that Friemel understood **[4]** that he was pleading guilty without an agreement regarding punishment and that, in the hearing to determine his punishment, the trial court would have the entirety of the applicable punishment range available to it. The trial court confirmed that Friemel understood he had a right to be tried by a jury and that he understood the State's burden of proof should he elect a jury trial. Then, after confirming that no one had forced, threatened, or coerced Friemel or promised him anything in exchange for his plea, the trial court accepted Friemel's guilty plea.

The State then asked the trial court to make sure that the guilty plea would "satisfy the deadly weapon allegation in the indictment." After Friemel's counsel advised that Friemel was "pleading guilty to the indictment," the trial court asked Friemel if he understood that the indictment included "an allegation that the manner and means of the intended use is capable of causing death or serious bodily injury with an automobile . . . ?" Friemel indicated that he understood and affirmed that he was "pleading true and guilty to that, also." The trial court then adjudicated him guilty of evading arrest with a motor vehicle and found that **[5]** a deadly weapon was used in committing the offense. Approximately one month later, the punishment hearing was held, and the trial court affirmed its guilt adjudication and deadly-weapon finding and sentenced Friemel to nine years' confinement. When asked whether he had anything to say as to why the sentence should not be imposed against him, Friemel responded, "No, sir."

## II. There is No Requirement to Admonish a Defendant on the Consequences of a Deadly-Weapon Finding

Friemel argues in this Court that since the trial court failed to admonish him of the *consequences* of a deadly-weapon finding, his guilty plea was rendered involuntary. Friemel posits that under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), the record must show that he possessed "a full understanding of what the plea connotes and of its consequence" before this Court can find that his plea was voluntary. See *id.* at 244. Although not completely clear, Friemel also appears to argue that the trial court was required by Article 26.13(a)(1) of the Texas Code of Criminal Procedure to admonish him regarding the legal principles articulated in *Boykin*. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). The State, on the other hand, argues that Article 26.13 sets forth the mandatory admonitions and that only the range of punishment admonition was required, which does not **[6]** include a parole admonition. The State argues that the record shows Friemel received the required admonitions and that this constitutes a prima facie showing that his guilty plea was voluntary. See *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Assuming the State is correct, the burden would then shift to Friemel to show that his plea was not voluntary. See *id.* We will first address the claim under Article 26.13(a)(1).

## A. Article 26.13

Friemel argues that <u>Article 26.13 of the Texas Code of Criminal Procedure</u> requires a trial judge to admonish a defendant regarding the effect a deadly-weapon finding would have on his eligibility for parole and community supervision. ***HN1*** Article 26.13 states that before "accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: (1) the range of the punishment attached to the offense." Tex. Code Crim. Proc. art. 26.13(a)(1). On its face, <u>Article 26.13</u> does not require the trial court to admonish the defendant regarding the effects of any plea on eligibility for community supervision or for release on parole. Friemel cites no authority, and we have found no authority, holding that <u>Article 26.13</u> requires trial courts to admonish defendants on the effects a deadly-weapon finding could have on eligibility for community supervision and/or parole.

Moreover, the policy reasons underlying <u>Article 26.13</u>'s admonitions do not **[7]** support Friemel's argument. Texas courts have recognized that the admonitions required by <u>Article 26.13</u> are "intended to facilitate the entry of adequately informed pleas of guilty or nolo contendere." *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). In other words, the point of admonishing a defendant is to ensure that he understands the charges against him and the consequences of his plea, and one of the consequences of his guilty plea is that he may suffer being sentenced to confinement within a certain range of years. Thus, <u>Article 26.13</u> exists to ensure a defendant understands the amount of confinement he faces by going forward with his guilty plea. Accordingly, as this Court has previously recognized, ***HN2*** when a defendant is admonished on the original, unenhanced, lesser punishment range and then receives a sentence under the enhanced punishment range, "'[t]he risk . . . is that the defendant was induced to plead guilty by an understatement of the seriousness of the offense and having done so, was harmed by being punished more severely than the trial court held out as the maximum he or she could receive.'" *Seagraves v. State*, 342 S.W.3d 176, 181 (Tex. App.—Texarkana 2011, no pet.) (quoting 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice & Procedure* § 40.22 (2011)).

Yet, a deadly-weapon finding does not affect the length **[8]** of the defendant's sentence, only how much of that sentence he will actually serve before he can apply for parole. Consequently, a deadly-weapon admonition is not necessary under <u>Article 26.13</u> to protect a defendant from being "'induced to plead guilty by an understatement of the seriousness of the offense'" and "'being punished more severely than the trial court held out as the maximum he or she could receive.'" *Id.* (quoting 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice & Procedure* § 40.22 (2011)).

Likewise, while community supervision involves either the suspension of the imposition of a sentence or the deferral of an adjudication of guilt, see Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (West Supp. 2014); Tex. Gov't Code Ann. § 508.001(6) (West 2012), neither the imposition of community supervision nor the defendant's eligibility for it affects the range of punishment that the defendant may suffer. Moreover, ***HN3*** where it is not an agreed sentencing recommendation as part of a plea bargain, a defendant has no right to community supervision. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (noting that "defendants are not entitled to community supervision as a matter of right"). Therefore, the fact that a deadly-weapon finding may render a defendant ineligible **[9]** for community supervision, see Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2), does not affect the length of his sentence, only whether he can ask the court to suspend the sentence or defer adjudication of the offense. Because he never had a right to receive community supervision in the first place, there is no risk that Friemel was induced into pleading guilty by a false expectation of community supervision.

In addition, as Friemel acknowledges, ***HN4*** substantial compliance with <u>Article 26.13</u> by the trial court "is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex. Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2014); see *Martinez, 981 S.W.2d at 197*; *Seagraves, 342 S.W.3d at 181*. Here, Friemel was charged with evading arrest using a motor vehicle, a third degree felony. Both the written and oral admonitions of the trial court advised him that the range of punishment was confinement for "not more than 10 years or less than 2 years" and "a fine not to exceed $10,000," which is the correct range of punishment for a third degree felony. *See* Tex. Penal Code Ann. § 12.34 (West 2011). The actual sentence imposed was within this range. Therefore, we find that the trial court **[10]** substantially complied with <u>Article 26.13(a)(1)</u> and that Friemel was properly admonished.

***HN5*** The finding that Friemel was properly admonished creates a prima facie showing that his guilty plea was knowing and voluntary. *Martinez, 981 S.W.2d at 197*. Although he may still pursue a claim that his plea was involuntary, the burden shifts to Friemel to show that he did not fully understand the consequences of his plea and that he was misled or harmed by the admonition. *Id.* The record demonstrates that Friemel failed to meet that burden. **2 ±** Friemel points us only to his testimony during the punishment hearing in which he testified in support of his application for community supervision. However, he does not contend that he had a plea agreement for community supervision. Rather, he testified that he was asking the trial court to put him on community supervision. Further, he testified that nobody forced, threatened, or coerced him or promised him anything to plead guilty. He also acknowledged that he understood the range of punishment and that the trial court had the entire range of punishment available to it. Therefore, we find that Friemel has neither rebutted the prima facie showing that his plea was voluntary, nor shown that he was harmed **[11]** or misled by the trial court's admonitions. *See Thomas v. State*, 2 S.W.3d 640, 642 (Tex. App.—Dallas 1999, no pet.).

### B. *Boykin* and Due Process

Friemel next argues that the <u>Due Process Clause of the Fourteenth Amendment to the United States Constitution</u> required the trial court to admonish him of the effect of a deadly-weapon finding on his eligibility for parole or community supervision and that, in the absence of that admonition, his right to due process was violated, thereby rendering his plea involuntary under *Boykin*. That case, however, involved a guilty plea by a defendant who was not admonished **[12]** and who never addressed the trial court (making it difficult to ascertain whether his plea was knowingly and voluntarily entered). *Boykin, 395 U.S. at 240*. In such a case, the guilty plea was held to be involuntary since the record failed to "disclose that the defendant voluntarily and understandingly entered his pleas of guilty." *Id. at 244*. *Boykin*, however, did not

specifically state what the record must disclose to satisfy due process, "except to say generally that state courts should make sure that a guilty-pleading defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (quoting *Boykin*, 395 U.S. at 244).

As Friemel points out, the Court of Criminal Appeals has stated,

> *Boykin* operates like a rule of default: Unless the appellate record discloses that a defendant entered his guilty plea "voluntarily and understandingly[,]" a reviewing court must presume that he did *not*, and rule accordingly. *Boykin*, 395 U.S. at 244. . . . [W]e regard the rule of *Boykin* to be in the nature of a systemic requirement, imposing a duty on the trial court to make the record demonstrate the knowing and voluntary quality of a guilty plea.

*Davison*, 405 S.W.3d at 690. So, on one end of the spectrum, **HN6** Article 26.13 establishes a rebuttable presumption that the defendant entered a knowing and voluntary [13] plea when the record clearly reveals that the trial court properly admonished the defendant as to the consequences of his plea. *Boykin*, on the other hand, operates at the other end of that spectrum and essentially creates the opposite, inversely proportional presumption: namely, *Boykin* establishes a rebuttable presumption that the defendant did not enter a knowing and voluntary plea when the record is "devoid of any indication that the defendant possessed 'a full understanding of what the plea connotes and of its consequences.'" *Id.* (quoting *Boykin*, 395 U.S. at 244). Therefore, we must examine the record and determine whether there is any indication that Friemel fully understood what his plea involved and the consequences of that plea. *Id.* at 691-92.

In addition to the written and oral admonitions previously discussed, Friemel signed the following documents: Admonitions of the Court, Statements and Waivers of the Defendant, Certification and Agreement of the Attorneys, and Order of the Court. These documents contained written admonitions regarding the rights of trial by jury and confrontation, which were both addressed by *Boykin*. Friemel waived both of these rights. In addition, the trial court orally admonished him [14] that he did not have to plead guilty, that he was presumed innocent, and that he did not have to prove his innocence. The United States Supreme Court has upheld the validity of a guilty plea that was preceded by far fewer admonitions than those given in this case. See *Brady v. United States*, 397 U.S. 742, 743-44 n.2, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). **3** The record, then, is not completely silent as to whether he understood the consequences of his plea.

Yet, Friemel does not argue that he received no admonitions as in *Boykin*, only that what he did receive was insufficient. The question, then, is whether, under *Boykin*, the record must also disclose that Friemel understood the consequences of a deadly-weapon finding to avoid triggering *Boykin*'s presumption that his plea was involuntary. See *Davison*, 405 S.W.3d at 692. Again, [15] Friemel cites, and we have found, no authority to support this proposition.

Moreover, in *Aguirre-Mata*, the Court of Criminal Appeals noted, "*Boykin* clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment." **4** *Aguirre-Mata*, 125 S.W.3d at 475. The court went on to point out that

> the Supreme Court in *McCarthy v. United States*, which was decided during the same term as *Boykin*, expressly stated that the admonishments in the federal equivalent **5** of Article 26.13(a) have "not been held to be constitutionally mandated" and that these admonishments are "designed to assist the district judge in making the constitutionally required determination that the guilty plea was truly voluntary." See *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 1170-71, 22 L.Ed.2d 418 (1969). No subsequent Supreme Court decision has held that these admonishments are "constitutionally mandated."

*Id.* at 475-76. Since neither the United States Supreme Court nor the Court of Criminal Appeals has held that a defendant must be admonished regarding the range of punishment in order to satisfy due process, we see no basis for holding that due process requires the defendant to be admonished regarding the additional consequences of a deadly-weapon finding on his eligibility for community supervision [16] and release on parole. Therefore, the *Boykin* presumption does not apply to Friemel's plea.

Consequently, we find that neither Article 26.13 nor due process required the trial court to admonish Friemel on the consequences of a deadly-weapon finding. Accordingly, the trial court did not err in failing to do so. We overrule Friemel's first point of error.

### III. The Trial Court Did Not Assess Attorney Fees Against Friemel

Friemel also complains of a document signed and filed by the trial court determining that he is indigent and that the cost of legal services provided to him [17] through trial was $600.00. Although the document is titled "Order," it does not order Friemel to pay any attorney fees. **6** Friemel fears, however, that the trial court may enter a "future ex parte nunc pro tunc assessment of attorney fees." Citing *Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013), Friemel argues that a trial court may not assess court-appointed attorney fees against an indigent defendant unless there is proof and a finding that the defendant is no longer indigent.

We agree that if the trial court had assessed court-appointed attorney fees against Friemel without a determination that he was able to re-pay those costs, the trial court would have erred. See *Cates*, 402 S.W.3d at 251-52. However, no such assessment was made in this case. At most, the order merely determines the cost of the legal services provided to Friemel. It contains neither a determination that Friemel is able to repay any of that amount nor an assessment of those fees against Friemel. Further, the Nunc Pro Tunc Judgment of Conviction entered by the trial court four weeks after the signing of this order assesses $249.00 in court costs against Friemel. Friemel does not [18] contend, and there is

no evidence in the appellate record to support the contention, that this assessment of costs includes any court-appointed attorney fees. Since Friemel has not shown any error on the part of the trial court, we overrule this point of error.

We affirm the judgment of the trial court.

Ralph K. Burgess ▼

Justice

Date Submitted: April 7, 2015

Date Decided: June 9, 2015

Publish

---

**Footnotes**

[1] ▼ Friemel complains of two consequences that resulted from the finding that a deadly weapon was used or exhibited during the commission of a felony. First, the finding eliminated Friemel's eligibility for judge-ordered community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2014). Second, the finding [2] extended Friemel's eligibility for parole until he has actually served one-half of his sentence. *See* Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2014).

[2] ▼ Citing *Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002)*, Friemel argues that we are to review the entire record to determine whether he was aware of the consequences of his plea or whether he was misled or harmed by the court's admonition. However, in *Burnett*, the trial court "wholly failed to admonish appellant regarding the applicable range of punishment." *Id. at 637*. In such a case, we conduct a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure, under which neither the defendant nor the State has the burden to show harm or harmlessness. *Burnett*, 88 S.W.3d at 638; Tex. R. App. P. 44.2(b). Where, as here, the trial court has duly admonished the defendant, Article 26.13(c) requires the defendant to "affirmatively show[] that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex. Code Crim. Proc. Ann. art. 26.13(c); *Martinez, 981 S.W.2d at 197*.

[3] ▼ In *Brady*, the trial court gave the following admonitions to the defendant:

> 'THE COURT: You understand that in [pleading guilty] you are admitting and confessing the truth of the charge contained in the indictment and that you enter a plea of guilty voluntarily, without persuasion, coercion of any kind? Is that right?
> 'DEFENDANT BRADY: Yes, your Honor.
> 'THE COURT: And you do do that?
> 'DEFENDANT BRADY: Yes, I do.
> 'THE COURT: You plead guilty to the charge?
> 'DEFENDANT BRADY: Yes, I do.'

*Brady, 397 U.S. at 743-44 n.2*.

[4] ▼ The court also noted that "[w]e have found no Supreme Court case holding that due process requires a trial court to admonish a guilty-pleading defendant on the range of punishment or holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid." *Aguirre-Mata, 125 S.W.3d at 475 n.7*; *see also Davison, 405 S.W.3d at 692*.

[5] ▼ *See* Fed. R. Crim. P. 11. Although the current version of Rule 11 provides that the trial court inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," the version in effect at the time of the *McCarthy* decision did not contain this provision. Fed. R. Crim. P. 11(b)(1)(H).

[6] ▼ The operative portion of the order states, "THEREFORE, the Court ORDERS the defendant to pay $__as court costs."

---

Jump To ▼

▶ 🔴 LexisNexis·