**Affirmed and Opinion filed July 14, 2016.**



In The

# Fourteenth Court of Appeals

## NOS. 14-15-00480-CR
## 14-15-00481-CR

## EMMANUEL WIGGINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 184th District Court
### Harris County, Texas
### Trial Court Cause Nos. 1432587 &1432588

# O P I N I O N

Appellant Emmanuel Wiggins pleaded guilty to aggravated assault and burglary of a habitation with a deadly weapon. After a punishment hearing, the trial court sentenced appellant to 14 years' confinement as to each offense, with the sentences running concurrently. Appellant asserts that the trial court erred in failing to admonish him as to the consequences of a deadly weapon finding, thereby rendering his plea involuntary under the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.[1] We find no error in the trial court's admonitions and affirm the judgment of the trial court.

## *Background*

Appellant and others burglarized a home. The complainant and others returned home and observed the burglars pulling out of the driveway in appellant's truck. The complainant's daughter was driving the complainant's car and followed the truck. Appellant intentionally struck the car with his truck multiple times in his attempt to flee. Appellant was charged with aggravated assault with a deadly weapon, "namely, a motor vehicle" and burglary of a habitation using a deadly weapon, the motor vehicle, during the commission of and immediate flight from that offense.

Appellant signed two documents waiving his right to be tried by a jury, waiving his right to confront and examine witnesses, waiving his right against self-incrimination, and entering his pleas of guilty to the alleged crimes. The written admonishments identified, among other things, the range of punishment for the charged offenses as "a term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000." Appellant also waived the right to be orally admonished by the trial court.[2] Appellant entered his guilty plea, and the trial court found him guilty of the charged offenses.[3] The punishment hearing was held approximately four months later, at which time the trial court affirmed its guilt

---

[1] Appellant complains that the deadly weapon finding delays his eligibility for parole until he has served one-half of his sentence. *See* Tex. Gov't Code § 508.145(d)(1); Tex. Crim. Proc. Code art. 42.12, § 3g(a)(2).

[2] The record on appeal does not reflect whether appellant received oral admonishments.

[3] A transcript of the plea hearing is not in our record, but the plea hearing was referenced during the punishment hearing.

adjudication and sentenced appellant.

## *Discussion*

Appellant argues in his sole issue on appeal that the trial court's failure to admonish him of the consequences of a deadly weapon finding rendered his guilty pleas involuntary under the Due Process Clause. Federal due process requires that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A criminal defendant who enters a plea of guilty has by definition relinquished his Sixth Amendment rights to a trial by jury and to confront the witnesses against him, as well as his Fifth Amendment privilege against self-incrimination. *Id*. "For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege." *Id*. (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). A criminal defendant who is induced to plead guilty in a state court in total ignorance of the precise nature of the charge and the range of punishment it carries has suffered a violation of procedural due process. *Id*. We look to the entire record to determine whether a defendant who pleaded guilty entered his plea knowingly and voluntarily. *See id*. at 687.

Relying on *Boykin v. Alabama*, 395 U.S. 238, 244 (1969), appellant contends that "[a] guilty plea is not constitutionally valid unless the defendant understands both the charges against him and the consequences of his plea." In that case, the defendant was sentenced to death by an Alabama jury after he pleaded guilty to five indictments charging common-law robbery. *Id*. at 239. As "far as the record show[ed]," the trial court "asked no questions of [the defendant] concerning

3

his plea, and [the defendant] did not address the court." *Id*. According to the Supreme Court, "It was error, plain on the face of the record, for the trial judge to accept [the defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary." *Id*. at 242. The court observed that the waiver of several constitutional rights is at play when a defendant enters a guilty plea: the privilege against compulsory self-incrimination and the rights to trial by jury and to confront one's accusers. *Id*. at 243. Accordingly, the court held that it was a violation of due process of law for a reviewing court to "presume a waiver of these three important federal rights from a silent record." *Id*. In reaching this conclusion, the court noted, "What is at stake for an accused facing . . . imprisonment demands [that] courts . . . make sure [an accused] has a full understanding of what the plea connotes and of its consequence." *Id*. at 243-44.

*Boykin* thus involved a guilty plea by a defendant who apparently received no admonishments and never addressed the trial court, making it difficult to ascertain whether his plea was knowingly and voluntarily entered. *Id*. at 239-40; *see also Friemel v. State*, 465 S.W.3d 770, 776 (Tex. App.—Texarkana 2015, pet. ref'd). The guilty plea was held to be involuntary because the record was silent regarding whether "the defendant voluntarily and understandingly entered his pleas of guilty." *Boykin*, 395 U.S. at 244; *Friemel*, 465 S.W.3d at 776.

The *Boykin* court, however, did not specifically state what the record must disclose to satisfy due process, "except to say generally that state courts should make sure that a guilty-pleading defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Aguirre–Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (quoting *Boykin*, 395 U.S. at 244). As the Court of Criminal Appeals has noted, *Boykin* establishes that, when the record is "devoid of *any* indication that the defendant possessed 'a full understanding of what the plea

4

connotes and of its consequence,'" a presumption arises that the defendant did not enter a knowing and voluntary plea. *Davison*, 405 S.W.3d at 690 (quoting *Boykin*, 395 U.S. at 244) (emphasis added). Therefore, we must examine the record and determine whether there is any indication that appellant fully understood what his plea involved and the consequences of that plea. *Davison*, 405 S.W.3d at 691-92.

Appellant signed written admonishments regarding the privilege against compulsory self-incrimination and rights of trial by jury and confrontation—the rights that were addressed in *Boykin*. *See Friemel*, 465 S.W.3d at 776. Appellant expressly waived all of these rights in writing. *See id*. Appellant was also admonished in writing as to the applicable range of punishment. Thus, the record is not silent as to whether appellant understood the consequences of his plea. *See Davison*, 405 S.W.3d at 692.

Yet appellant does not argue that he received no admonishments as in *Boykin*, only that the admonishments he did receive were insufficient. *See Friemel*, 465 S.W.3d at 776. The question then is whether under *Boykin*, the record must also disclose that appellant understood the consequences of a deadly weapon finding to avoid triggering *Boykin's* presumption that his plea was involuntary. *See Davison*, 405 S.W.3d at 692. Appellant cites no authority to support this conclusion, and we have found none. Moreover, the Court of Criminal Appeals has held that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment, standing alone, does not render a guilty plea invalid under *Boykin*.[4] *Aguirre–Mata*, 125 S.W.3d at 475; *see Johnson v. State*, No. 14-15-

---

[4] We note that in *Davison*, the Court of Criminal Appeals stated:

"[W]e have found no Supreme Court case . . . holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid." But even assuming that a silent record with respect to the appellant's awareness of the range of punishment is alone sufficient to trigger *Boykin's* appellate presumption, the record in this case is not totally "silent" with

00046-CR, 2016 WL 354438, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2016, no pet.) (mem. op.).

Our sister court has held, "Since neither the United States Supreme Court nor the Court of Criminal Appeals has held that a defendant must be admonished regarding the range of punishment in order to satisfy due process, we see no basis for holding that due process requires the defendant to be admonished regarding the additional consequences of a deadly-weapon finding on his eligibility for . . . release on parole." *Friemel*, 465 S.W.3d at 777. We agree with this reasoning.

We conclude that the *Boykin* presumption does not apply to appellant's plea. *See id.* Consequently, due process did not require the trial court to admonish appellant on the consequences of a deadly weapon finding, and the trial court did not err in failing to do so. *See id.* We overrule appellant's sole issue on appeal.

We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Jamison, Donovan, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

---

respect to appellant's knowledge of the applicable range of punishment when he entered his plea.

405 S.W.3d at 692 (quoting *Aguirre–Mata*, 125 S.W.3d at 475 n.7). Here, likewise, the record is not totally silent with respect to appellant's knowledge of the applicable range of punishment when he entered his plea because he was admonished in writing as to that information.