

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,725-01

**EX PARTE BRYAN EUGENE GARNER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2013-1344-E WHC 1 IN THE 367th DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child in count one and continuous sexual abuse of a child in count two and he was sentenced to life imprisonment in each count. The Second Court of Appeals affirmed his conviction. *Garner v. State*, No. 02-15-00171-CR (Tex. App.—Fort Worth Aug. 11, 2016) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance in this case. The trial court does not specifically address the contents of Applicant's ground for relief and, without explanation, recommends relief be denied because Applicant has not met his "burden

of showing the probability of a different result in his trial absent the alleged errors of his trial counsel." However, Applicant's ground for relief alleges twelve specific allegations of ineffective assistance of trial counsel which he further explains in a lengthy attached memorandum.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: December 20, 2017
Do not publish