**Affirmed and Memorandum Opinion filed June 29, 2021.**



In The

# 𝔍𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-19-01021-CR
## NO. 14-20-00058-CR

**ROBERT LEWIS FELDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1574593 & 1574595**

## MEMORANDUM OPINION

Appellant pleaded guilty to two separate charges of aggravated robbery, and for each offense, he was sentenced to a concurrent term of twenty-five years' imprisonment. Now on appeal, he contends that his trial counsel was ineffective because counsel did not object to a presentence investigation (PSI), which contained evidence of certain unadjudicated offenses. In one other issue, appellant also contends that the trial court deprived him of due process by failing to ensure that his

guilty pleas were knowing and voluntary. For the reasons given below, we overrule both of these issues and affirm the trial court's judgments.

## INEFFECTIVENESS CLAIM

The PSI described three extraneous offenses, the first of which was an assault involving bodily injury where the complainant was appellant's father. According to the PSI, the father told the police that he got into a verbal argument with appellant, and that the argument escalated to the point where appellant punched his father in the face. Appellant disputed his father's version of events and claimed that his father had actually thrown the first punch, meaning appellant had acted in self-defense. The case was forwarded to the district attorney's office, which declined to pursue charges.

The second extraneous offense was labeled as a combined "terroristic threat and sexual assault." The PSI indicated that appellant had a fifteen-year-old girlfriend and that he had engaged in consensual intercourse with her when he was eighteen years old. The girlfriend's mother verbally confronted appellant about his behavior, and then she followed appellant to his house to discuss his behavior with his parents. At his house, appellant allegedly threatened to come out with a gun if the girlfriend's mother did not leave. The girlfriend's mother called police afterwards, but she ultimately decided that she did not want to press charges.

The third offense was another assault involving bodily injury, and the complainant was a female classmate. The PSI indicated that appellant had previously wanted to date the classmate, but she had spurned all of his romantic advances. When appellant saw the classmate jogging outside, he allegedly yelled at her and slapped her in the face. Other witnesses described a different series of events. These witnesses informed the police that the classmate had been the first aggressor, and

2

that she had tried to hit appellant with a bat. The case was forwarded to the district attorney's office, which declined to pursue charges.

Appellant's trial counsel never objected to the PSI's discussion of these extraneous offenses. Citing that omission, appellant claims that counsel's assistance was constitutionally ineffective.

We review such claims of ineffectiveness under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, appellant must prove by a preponderance of the evidence that his counsel's performance was deficient, and that the deficient performance was so prejudicial that it deprived him of a fair trial. *Id.* at 687. To establish deficient performance, appellant must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. And to establish prejudice, appellant must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

Appellant contends that counsel should have objected to the PSI because appellant never admitted to committing the extraneous offenses and because the offenses themselves were "unfounded." He bases his sole argument on *Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007), which held that "a PSI does not necessarily have to establish beyond a reasonable doubt that the defendant is responsible for extraneous conduct," but "the PSI must provide the trial court with some basis from which it can rationally infer that the defendant was responsible before using [the extraneous conduct] to inform its normative judgment of what punishment to assess." *Id.* at 758–59. Appellant argues that the trial court could not have made an inference of responsibility here because the extraneous offenses have "no direct connection" to him. And because counsel did not object on that basis, appellant argues that his counsel's performance was deficient.

When assessing counsel's performance, our review is highly deferential and begins with the strong presumption that counsel's decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The effect of this presumption is that we cannot ordinarily conclude that counsel's performance was deficient on a silent record. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Counsel must usually be given an opportunity to explain his actions and omissions before he is condemned by a court for being unprofessional or incompetent. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

In this case, appellant did not file a motion for new trial complaining of counsel's performance, nor did counsel otherwise testify or file an affidavit explaining his strategic decisions. When the record is silent, as it is here, we cannot conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is a difficult standard, and we cannot say that counsel's decisions rise to that level.

Counsel could have reasonably concluded that the PSI was admissible because, contrary to appellant's assertions, the PSI established a direct connection between appellant and the extraneous offenses. Appellant's father directly claimed that appellant punched him in the face; the girlfriend's mother directly claimed that appellant threatened her with a gun; and the female classmate directly claimed that appellant slapped her in the face. Thus, there were multiple sources identified in the PSI from which the trial court could have rationally found that appellant was criminally responsible for the extraneous offenses. These sources serve to distinguish the case from *Smith*, which said that due process is violated when the PSI

does not provide any source from which the trial court can rationally infer the defendant's criminal responsibility. *See Smith*, 227 S.W.3d at 764.

Appellant has not cited to any other authority showing that a PSI was inadmissible on similar facts, and we cannot say that the PSI was inadmissible here simply because appellant did not admit to the extraneous offenses or because the offenses were unadjudicated. *See* Tex. Code Crim. Proc. art. 42A.253(a)(3), (9) (providing that the PSI must include "the criminal and social history of the defendant" and "any other information relating to the defendant or the offense as requested by the judge"); *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (considering the former version of the statute, which is similarly worded, and concluding that "the Legislature has directed what is to be included in a PSI, and the statute does not limit the criminal history to final convictions").

Because appellant has not rebutted the strong presumption that his counsel's performance was motivated by sound trial strategy, his claim of ineffectiveness must fail, and we need not consider his remaining arguments on prejudice. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) ("To succeed on an ineffectiveness claim, a defendant must show both components; failure to show either deficient performance or prejudice will defeat the ineffectiveness claim.").

## DUE PROCESS CLAIM

The docket sheets reflect that appellant appeared in person on the same date for both of his arraignments, and he entered his guilty pleas after having affirmatively waived the making of a transcript by a court reporter. Because no transcript was ever prepared of his guilty pleas, appellant claims that the record fails to show that his pleas were knowing and voluntary, in violation of his right to due process as stated in *Boykin v. Alabama*, 395 U.S. 238, 243 & n.5 (1969) (stating that the waiver of constitutional rights cannot be presumed on a silent record).

5

Despite there being no transcript from the plea hearing, the record is not actually silent because appellant signed written admonishments that formally advised him of all of his rights. He also initialed the following statements in his plea paperwork: "I WAIVE the right to have a court reporter record my plea," and "I further state my plea is freely, knowingly, and voluntarily made." And at the subsequent punishment hearing, which was transcribed by a court reporter, appellant confirmed again on the record that his pleas were "done freely and voluntarily."

Appellant has not challenged whether his written admonishments and other statements were sufficient to show that his pleas were actually knowing and voluntary. In fact, appellant does not even acknowledge the existence of these records in his brief.

Our court has previously held that written admonishments can satisfy the demands of due process. *See Wiggins v. State*, 499 S.W.3d 149, 152 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that there was no *Boykin* error where the defendant signed written admonishments). And we are not alone. *See Scott v. State*, 86 S.W.3d 374, 376 (Tex. App.—Fort Worth 2002, no pet.) ("There is no constitutional requirement that appellant's plea be noted in a court reporter's record."); *see also* Tex. Code Crim. Proc. art. 26.13(d) (authorizing the trial court to make certain admonishments "either orally or in writing"). Appellant has not attempted to challenge or distinguish this precedent. Following that precedent, we conclude that appellant's due process claim must fail.

## CONCLUSION

The trial court's judgments are affirmed.

/s/    Tracy Christopher
       Chief Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).