# NOS. 12-20-00191-CR
# 12-20-00192-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NATHAN REESE HILL,*<br>*APPELLANT* | § | *APPEALS FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Nathan Reese Hill appeals his convictions for aggravated assault and continuous family violence. In three issues, he attacks the trial court's acceptance of his guilty plea. We affirm.

### BACKGROUND

In August 2019, a grand jury sitting in Angelina County, Texas returned two indictments against Appellant. Cause number 2019-0544 alleged Appellant committed assault family violence by impeding breath or blood (count I) and aggravated assault with a deadly weapon (count II). Cause number 2019-0545, a single count indictment, alleged that Appellant committed continuous family violence. In January 2020, the grand jury returned a third indictment against Appellant alleging assault family violence (count I), continuous family violence (count II), and aggravated assault (count III) in cause number 2020-0040.

Pursuant to a plea agreement with the State, Appellant entered pleas of "guilty" to the charge of continuous family violence as alleged in 2019-0545 and aggravated assault as alleged in count III in 2020-0040. As part of the agreement, the State agreed to dismiss cause number 2019-0544 and counts I and II in cause number 2020-0040. Pursuant to the plea agreement, the trial court would decide punishment.

Appellant signed multiple documents pursuant to his decision to plead guilty. Included in the clerk's record are file marked copies of a waiver of arraignment, State's discovery compliance form, and a document entitled "written plea admonishments-waivers-stipulations" (written waivers). The written waivers contain admonishments on the range of punishment, effect of plea bargains, permission to appeal, effect on citizenship, and a declaration of mental competency. The document also contains a declaration that the plea is made freely and voluntarily and waivers of the rights to a jury trial, cross examine and confront witnesses, and remain silent. Further, the written waivers contain a declaration consenting to oral and written stipulations of evidence. Appellant signed and swore to this document on the day of his plea hearing.

Prior to accepting Appellant's "guilty" plea, the trial court orally admonished Appellant regarding the punishment range, and asked Appellant several questions regarding his competency to stand trial and his mental state at the time of the offenses. In response to the trial court's questioning, Appellant's trial counsel reported no concerns about Appellant's competency to stand trial or sanity at the time of the offenses. Prior to accepting the pleas of "guilty," the trial court asked Appellant if anyone made him plead "guilty" to which Appellant answered, "No." The trial court asked if Appellant was entering his plea freely and voluntarily to which Appellant answered, "Yes." The trial court told Appellant that there was no agreed punishment recommendation, and the trial court would assess punishment and Appellant confirmed that was his wish. The trial court explained to Appellant that he would be giving up his right to a trial, confront witnesses, and remain silent. Appellant indicated he understood and was voluntarily waiving his rights. After accepting Appellant's pleas of "guilty," the trial court ordered a pre-sentence investigation and set a punishment hearing. At the punishment hearing, the court took judicial notice of the pre-sentence investigation and heard the testimony of several witnesses. After hearing the evidence and argument of counsel, the trial court sentenced Appellant to eight years of imprisonment in the continuous family violence case and twelve years of imprisonment in the aggravated assault case, with the sentences to run concurrently. This appeal followed.

In his first issue, Appellant argues that the trial court violated his right to due process of law because the reporter's record from the plea hearing fails to show that Appellant entered his pleas of "guilty" intelligently and voluntarily. Such an argument is otherwise known as a ***Boykin*** claim. *See **Boykin v. Alabama***, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969).

## Standard of Review and Applicable Law

Federal due process requires that waivers of constitutional rights must be voluntary, knowing, intelligent acts done with sufficient awareness of the relevant consequences. ***Davison v. State***, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting ***Brady v. United States***, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)). A criminal defendant who enters a plea of guilty has by definition relinquished his Sixth Amendment rights to a trial by jury and to confront the witnesses against him, as well as his Fifth Amendment privilege against self-incrimination. ***Davison***, 405 S.W.3d at 686. For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. ***Id.***

"What the United States Supreme Court's 1969 opinion in ***Boykin v. Alabama*** contributed to this due process jurisprudence was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." ***Davison***, 405 S.W.3d at 687 (internal quotations omitted) (quoting ***Brady***, 397 U.S. at 747 n.4, 90 S. Ct. at 1468). ***Boykin*** involved a guilty plea by a defendant who apparently received no admonishments and never addressed the trial court, making it difficult to ascertain whether his plea was knowingly and voluntarily entered. ***Wiggins v. State***, 499 S.W.3d 149, 151 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing ***Boykin***, 395 U.S. at 230-40, 79 S. Ct. at 1709). The guilty plea was held to be involuntary because the record was silent regarding whether the defendant voluntarily and understandingly entered his pleas of guilty. ***Wiggins***, 499 S.W.3d at 151 (citing ***Boykin***, 395 U.S. at 244, 89 S. Ct. at 1709). A ***Boykin*** claim is not subject to ordinary principles of default and is reviewable for the first time on appeal. ***Davison***, 405 S.W.3d at 690.

**Analysis**

Relying on ***Boykin***, Appellant argues that the trial court "wholly failed" to determine that his guilty pleas were intelligently and voluntarily made and "thereby violated...constitutional due process." Appellant alleges that the appellate record affirmatively establishes that the trial court did not "adequately admonish" or address the "issue of Appellant's competence during the plea." Appellant acknowledges that he signed the written waivers but argues that the trial court still failed to determine whether he intelligently and voluntarily waived his rights. According to Appellant, the trial court "never received an unequivocal answer from Appellant whether he was competent or addresses [sic] Appellant's understanding concerning his guilty plea at all."

As previously noted, ***Boykin*** did not specifically set forth what must be demonstrated on the record to comply with its mandate. ***Davison***, 405 S.W.3d at 687. ***Boykin*** did not hold that due process requires the equivalent of Article 26.13 admonishments. ***Id.*** "So long as the record *otherwise* affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied." ***Id.*** For Appellant to prevail, therefore, it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was otherwise provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent. *See **id.*** Thus, a defendant must have actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes. ***Id.***

For his contention that the record does not demonstrate that Appellant entered his plea freely and voluntarily, Appellant points to the following exchange:

> The court: And at the time of the events alleged in the indictments for the family violence event in Cause Number 2019-0545, that would be in or about the 6th day of July, 2019.
>
> On that day, were you competent and knowing what you were doing?
>
> ...
>
> Thank you. So August the 16th of 2019. On that day, were you competent and knowing what you were doing?
>
> Appellant: Yes, sir.
>
> (Counsel and Appellant confer briefly)
>
> Appellant: That's when I committed the crime?
>
> The court: That's when they allege you committed it, yes, sir.

4

Appellant:       Yes, sir...I mean I was under the influence, but I'm—I don't know really what you're saying, Judge.

The court:       Well I want to know if you were insane or incompetent at the time of the event.

Appellant:       I wouldn't say incompetent.

The court:       You were impaired by what?

Appellant:       Methamphetamines.

The court:       Okay.  And did you voluntarily consume them?

Appellant:       Yes, sir.

The court:       Nobody slipped in on you or anything like that?

Appellant:       No, sir.

The court:       And you understand that can affect your judgment and your conduct?

Appellant:       Right.  Yes, sir.

The court:       Okay.

Appellant:       That and emotions.

The court:       Any other basis that you did not know what you were doing that day?

Appellant:       Maybe emotions instead of intelligence.

The court:       Okay.  And that was impacted by the methamphetamine, right?

Appellant:       That and my ex-fiancé.

The court:       I'm talking about your – I'm talking about your competency, not anybody's else's conduct, okay?

Appellant:       Yes, sir.

Referencing this exchange, Appellant argues that "there appears to be questions raised regarding Appellant's understanding of the plea or Appellant's competency."  Appellant argues that the trial court failed to conduct an independent inquiry into Appellant's mental competency before accepting his plea and ensuring the plea was free and voluntary.  Appellant further argues the signed waivers should be disregarded because the trial judge did not inquire whether Appellant signed them with the intent to waive his rights.

Our review of the record does not comport with Appellant's complaints.  Moreover, we fail to appreciate how the above quoted exchange demonstrates that Appellant's plea was not freely and voluntarily made or how it raises questions regarding Appellant's competency to proceed with his guilty plea.  Appellant's statements that he was under the influence of methamphetamine and emotional over his relationship with his ex-fiancé, the victim in each

case, at the time of one of offenses does not impact his competency to stand trial. *See Willis v. State*, No. 05-03-00816-CR, 2004 WL 42624, at \*2 (Tex. App.—Dallas Jan. 9, 2004, no pet.) (op., not designated for publication) (fact that appellant consumed alcohol and drugs at time of offense does not raise issue of his present ability to understand the charges against him or consult with counsel)*; see also Ward v. State*, 906 S.W.2d 182, 185 (Tex. App.—Austin 1995, pet. ref'd) (appellant's testimony that he had chemical dependency and was diagnosed with an inherited type of chemical dependency did not trigger trial court duty to conduct a hearing on competence). Nor does Appellant argue that the trial court should have conducted a competency hearing. *See* TEX. CODE CRIM. PROC. ANN. Art. 46B.004 (c) (West 2018) ("[o]n suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.").

The record reflects that the trial court discussed Appellant's plea and its ramifications at length with Appellant, as evidenced by the following exchange:

| | |
|---|---|
| The court: | All right. Mr. Hill, I've called three cases pending against you. I see in the first case 2019-0544, the State's filed a motion to dismiss, and I presume that's in connection with pleas that you're going to enter in the other two cases, so we're going to kind of set that one to the side. And in the next case, 2019-0545, the charge against you is a third degree felony for continuous family violence. And if you're found guilty of that charge, the punishment range would be no less than two years or greater than ten years in the penitentiary and a fine not to exceed $10,000. So two to ten; do you understand that? |
| Appellant: | Yes, sir. |
| The court: | In the second case, 2020-0040, I see the State has filed a motion to dismiss Counts 1 and 2, but the remaining Count, number 3, is aggravated assault. That is a second degree felony and if found guilty of that charge, the punishment range will be no less than two years, no greater than twenty years in the penitentiary, and a fine not to exceed $10,000. Do you understand that? |
| Appellant: | Yes, sir. |
| The court: | Now, in these two cases that I've described for you here, the continuous family violence and aggravated assault, do I need to have the State's attorney read to you the indictment in each of those cases for you to better understand the date of the event and the facts, the basis of the offenses? |
| Appellant: | No, sir. |
| The court: | You understand that fully? |
| Appellant: | Yes, sir. |

| The court: | Now, in just a moment I'm going to ask you for your responsive plea to each of those charges, but before I do, tell me, as you appear here in court today, are you under the influence of any alcohol, drug or medicine? |
|---|---|
| Appellant: | I am not, Judge. |
| The court: | So are you competent and are you of sound mind? |
| Appellant: | I am. |
| The court: | Have you ever been declared incompetent or insane by a judge or a jury evaluating your mental capacity? |
| Appellant: | I have not, Judge. |

After the exchange that Appellant contends raises questions over his "understanding of the plea," the court asked the same question about the date of the second offense:

| The court: | In the second case, 2020-0040, on the alleged day of the aggravated assault, Count 3, November the 5th of 2019, were you competent, knowing what you were doing at that time? |
|---|---|
| Appellant: | Yes, sir. |

Appellant's statements about being on methamphetamine and emotional about his ex-fiancé are the only portions of the record Appellant cites for his assertion that the record does not demonstrate that his plea was made freely and voluntarily. Our review of the record shows that the trial court had a subsequent discussion with Appellant about his competency to stand trial:

| The court: | All right. Counsel, any concerns about the Defendant's competency to proceed with the hearing today? |
|---|---|
| Defense Counsel: | No, your Honor. |
| The court: | Any basis for involuntariness at the time of the event? |
| Defense Counsel: | No, sir. |
| The court: | With those responses I find the Defendant competent at all relevant times and we'll proceed. So on Case Number 2019-0545, Mr. Hill, how do you plead to the third degree felony for continuous family violence? |
| Appellant: | Guilty. |
| The court: | Is that the truth? |
| Appellant: | Yes, sir. |
| The court: | Anyone making you plead guilty? |
| Appellant: | No, sir. |

| | |
|---|---|
| The court: | Are you doing so freely and voluntarily? |
| Appellant: | Yes, sir. |
| The court: | In Case Number 2020-0040, how do you plead to the second degree felony as outlined in Count 4 of the indictment for aggravated assault with a deadly weapon, being a knife? |
| Appellant: | Guilty. |
| The court: | And is that also the truth? |
| Appellant: | Yes, sir. |
| The court: | Anyone making you plead guilty? |
| Appellant: | No, sir. |
| The court: | You're doing so freely and voluntarily? |
| Appellant: | Yes, sir. |

After this exchange, the trial court admonished Appellant that, because he did not have a plea agreement with the State, the trial court would make the punishment determination. Appellant told the trial court that he understood and wished to proceed with the trial court's determination of punishment. The trial court admonished Appellant that he should not rely on anyone's promise, guarantee, or representation about what the sentence would be in the cases and Appellant responded that he was not doing so. The trial court engaged in a long discussion with Appellant regarding the waivers of his right to trial by jury and the rights to confront and cross examine witnesses, testify at trial and call witnesses, remain silent, act as his own attorney, and appeal. Appellant indicated he understood these rights and was freely and voluntarily relinquishing them.

Thus, our review of the record reveals that Appellant's *Boykin* claim is meritless. *See Davison*, 405 S.W.3d at 687. Appellant was provided with written admonishments and verbally admonished by the trial court at length about his decision to plead "guilty." *See id. Boykin* operates like a rule of default, in other words, unless the appellate record discloses that a defendant entered his guilty plea freely and voluntarily, a reviewing court must presume that he did not, and rule accordingly. *Id.* at 690. In contrast, the record contains ample evidence, as discussed above, that Appellant entered his pleas freely and voluntarily. *Id.* Accordingly, the record fails to engage *Boykin's* appellate presumption that due process was violated because the

8

appellant entered an unintelligent guilty plea.  *Id.*  Because Appellant failed to establish that his guilty plea was involuntary, we overrule his first issue.


## ARTICLE 26.13

In his second issue, Appellant argues that his pleas of "guilty" were "obtained without substantial compliance with the mandatory requirements of Article 26.13."  Appellant argues that "the trial court never affirmatively received an unequivocal response from Appellant that the plea was knowing and voluntary and that Appellant was competent at the time of the plea and sane at the time of the offense."  Essentially, Appellant makes the same arguments with respect to Article 26.13 that he did in support of his due process argument, with the exception that he also claims the record does not demonstrate that he was warned about the possible immigration consequences of entering pleas of "guilty" to the offenses.

A trial court's admonitions to and inquiries of a defendant prior to his plea of "guilty" serve to protect several constitutional rights.  *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).  They assure the court that the defendant's waiver of these rights in entering a guilty plea comports with due process, that is, the waiver was made voluntarily and with knowledge of the consequences of the plea.  *Id.*  Article 26.13 mandates that a trial court must admonish a defendant of certain consequences before it can accept a plea of "guilty" or "nolo contendere" and that "no plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent, and the plea is free and voluntary." *See* TEX. CODE CRIM. PROC. ANN. Art. 26.13(a)(1)-(6), (b) (West Supp. 2021).  Article 26.13 is designed to provide these constitutional assurances.  *VanNortrick*, 227 S.W.3d at 708.  The Article 26.13 admonitions, however, are not themselves constitutionally required and the failure to admonish a defendant regarding the immigration consequences of his plea is non-constitutional error. *Id.*

To the extent Appellant argues that the trial court failed to determine whether his plea was freely and voluntarily made, we overrule his second issue for the same reasons we rejected his first issue.  Appellant's argument that the trial court failed to admonish him on the immigration consequences of his plea is also without merit.  As previously discussed, he signed the written waivers which contain the required immigration admonition.  Moreover, Appellant acknowledges that the record does not reflect whether he was a citizen of the United States at the

time of the plea.  Thus, even had the trial court wholly failed to admonish Appellant regarding the immigration consequences of his plea, we would have no basis to conclude the trial court's error in failing to admonish Appellant about the immigration consequences of his plea is constitutional in nature or affects his substantial rights.  *See **Gorham v. State***, 981 S.W.2d 315, 319 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *see also* TEX. R. APP. P. 44.2(b). Accordingly, we overrule Appellant's second issue.[1]

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered February 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Because we overrule Appellant's first and second issues, we need not reach his third issue, in which he argues he was harmed by the trial court's errors and his conviction requires reversal.  *See* TEX. R. APP. P. 47.1.

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 9, 2022**

**NO. 12-20-00191-CR**

**NATHAN REESE HILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2020-0040)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 9, 2022**

**NO. 12-20-00192-CR**

**NATHAN REESE HILL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0545)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*